## Baker's Trustee in Bankruptcy v. People's Bank of Mt. Vernon.

(Decided December 7, 1926.)

### Appeal from Rockcastle Circuit Court.

1.  Bankruptcy—Transfer Lien Created More than Four Months Before Petition, Valid Under State Law, is no "Preference," though Possession was Taken or Payment Made Within Four Months.— A transfer made or a lien created by instrument executed more than four months prior to filing of petition, which is valid under state law, is not a voidable "preference," under Bankruptcy Act, though possession was taken or debt was paid within the four months.

2.  Bankruptcy—Pledge of Fire Policies, Accompanied by Actual Good Faith Delivery, More than Four Months Prior to Bankruptcy, Created Valid Lien (Kentucky Statutes, Section 1908).—Transfer and pledge of fire insurance policies more than four months prior to bankruptcy, accompanied by actual and good faith delivery, created a valid lien, under Kentucky Statutes, section 1908.

3.  Insurance—Redelivery of Fire Policies to Owner for Collection of Proceeds did Not Affect Validity of Pledgee's Lien.—Validity of pledgee's lien on fire policies was not affected by their redelivery to owner by one having lien, for purpose of collecting proceeds.

4.  Insurance—Assignment of Fire Policies Without Consent of Insurance Companies did Not Affect Validity of Assignee's Lien.— Validity of lien on fire policies was not affected by assignment to lien claimant without consent of insurance companies.

5.  Bankruptcy—Suit to Recover on Ground that Assignment of Fire Policies was a Preference Must be Brought Within Six Months Thereafter (Kentucky Statutes, Sections 1910, 1911).—Suit to have payments of proceeds of fire policies adjudged a preference must be brought within six months from date of assignment or delivery of policies, under Kentucky Statutes, sections 1910-1911, requir-

ing suit within six months from recording of mortgage or transfer, or from delivery of property or effects transferred.

6.  Appeal and Error—Where Suit was Not Brought Within Required Time, Refusing Further Time to Take Proof Because of Illness was Not Prejudicial.—Refusing appellant's counsel further time to take proof because of illness was not prejudicial, where suit was not brought in time, and proof could not have remedied this.

H. C. CRESS for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Prior to January, 1924, J. W. Baker was a merchant at Livingston. During that month his entire stock of merchandise was destroyed by fire. The stock was covered by three policies of insurance, each for the sum of $2,500.00. Baker was indebted to the People's Bank of Mt. Vernon on three notes, one for $1,367.67, another for $2,850.00, and a third for $2,000.00, and was also surety on another note for $100.00. However, it seems that the $2,000.00 note was placed to his credit, but, not having used the money, it was charged back. To secure the payment of the above notes Baker executed a writing on February 23, 1924, by which he transferred and assigned the three policies to the bank. At the same time the policies were delivered to the bank. Some time later the policies were delivered to Baker for collection, and he deposited in the bank on June 19, 1924, $3,430.00, and on June 20 the sum of $1,500.00. Immediately on making these deposits Baker paid the bank the sum of $2,-443.90 on his indebtedness.

In the month of September, 1924, Baker was adjudged a bankrupt upon a petition filed August 11, 1924, and D. C. Poynter was elected trustee in bankruptcy. On December 17, 1924, Poynter, as trustee, brought this suit against the bank to have the payments made to the bank adjudged a preference. The petition proceeds on the theory that at the time of the payments on the 19th of June, Baker was insolvent, and that the payments were made with the intent to prefer the bank, and that the bank had reasonable grounds to believe and know that Baker was insolvent, and that said payments were made for the purpose of preferring the bank as a creditor. The petition further charges that Baker was insolvent at the time, and that the payments were made

in contemplation of insolvency, and with the design and fraudulent intent to delay, hinder and defraud his creditors. In addition to denying the allegations of the petition the bank relied on the written assignment and pledge of the policies and alleged, in substance, that the assignment and pledge were made in good faith and that the payments were made pursuant to the assignment and pledge. On final hearing judgment was rendered in favor of the bank and the trustee appeals.

It seems to be the settled rule that where a transfer was made, or a lien created, by an instrument executed more than four months prior to the filing of the petition, and such instrument is valid under the state law, the mere taking possession by the transferee or lienee, or the payment of the debt secured, within the four months period, does not constitute a voidable preference. Humphrey v. Tatman, 198 U. S. 91, 25 S. Ct. 567, 49 L. Ed. 956; Thompson v. Fairbanks, 196 U. S. 517, 25 S. Ct. 306, 49 L. Ed. 578; Rogers v. Page, 140 Fed. 596, 72 C. C. A. 164, 15 Am. Bankr. Rep. 502. Here the transfer and pledge were accompanied by an actual and good faith delivery of the policies to the bank. That being true, the lien thus created was valid under our law, Kentucky Statutes, section 1908, Frankfort Chair Co. v. Buchanan, 51 S. W. 179, and the validity of the lien was not affected by the fact that the policies were subsequently delivered to Baker for the purpose of collecting the proceeds, or the further fact that the assignment was made without the consent of the insurance companies, who are not complaining. As the payments were made pursuant to a valid lien created more than four months before the petition in bankruptcy was filed, it follows that the alleged preference was not voidable under the Bankruptcy Act.

There is the further contention that the facts alleged and proved were sufficient to show a voidable preference under section 1910, Kentucky Statutes. It must not be overlooked that the filing of a suit within six months from the time the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred, is a condition precedent to relief under that section, section 1911, Kentucky Statutes, Husband v. Linehan, 168 Ky. 304, 181 S. W. 1089, and as the policies were assigned and delivered on February 23, 1924, and suit was not brought until December 17, 1924, it necessarily

results that the action was not brought within the time required by the state law.

As appellant's counsel had had abundant time in which to take proof prior to his illness and that of his family, it would seem that the action of the court in refusing further time because of such illness was proper, but, whether so or not, the refusal was not prejudicial, in view of the fact that suit was not brought in time, either under the Bankruptcy Act or the state law, and no amount of proof could have remedied the situation.

Judgment affirmed.