### In re P. B. McCHESNEY & SON.

### No. 976.

District Court, W. D. Kentucky, Bowling Green.

Jan. 20, 1940.

The firm of P. B. McChesney and Son was indebted to the Bowling Green Trust Company in various sums of money. Certain of the notes evidencing the indebtedness were secured by a mortgage on the building in which the business was conducted. A note for approximately $1,400 was unsecured. The Trust Company advised the debtor that this note would not be renewed unless it was reduced and secured. On June 2, 1938, a payment was made and a new note was executed for $873.85, and simultaneously they agreed to deliver to the Trust Company policies of fire insurance on the building and its contents. It was understood between the Trust Company and the debtor that these policies were security for the payment of the note and that without their delivery there could have been no renewal.

The policies contained this provision: "Loss, if any on Buildings payable to The Bowling Green Trust Company, Mortgagee; loss, if any on other property payable only to P. B. McChesney and Son."

On December 26, 1938, both the real and personal property were damaged by fire. On January 31, 1939, P. B. McChesney and Son were adjudged bankrupt.

No question is presented here with reference to the real estate.

The referee allowed the claim of the Trust Company on the unsecured note for $873.85 as a preferred claim against the amount of insurance money paid on the loss of personal property. The trustee excepts to this ruling on three grounds.

(1) That no assignment of the policies was ever made to the claimant with the consent of the insurance companies, in accordance with the provisions of the policy contracts or as required by law. (2) That the assignment to the claimant was made or became effective within four months of bankruptcy and constituted a voidable preference which was set aside by bankruptcy proceedings. (3) That the claimant had no insurable interest in the subject matter of the insurance.

There is no merit in the first contention.

A provision contained in an insurance policy that no assignment shall be effective without the company's consent is for the protection of the company. The company is making no question here. The trustee cannot be heard to complain. Baker's Trustee v. People's Bank of Mt. Vernon, 217 Ky. 56, 288 S.W. 1030, 23 Kentucky Law Journal 656.

Rodes & Willock, of Bowling Green, Ky., for Bowling Green Trust Co.

J. Wilbur Wade, of Bowling Green, Ky., for the trustee.

SWINFORD, District Judge.

This case is before me on a petition to review the order of the referee overruling the exceptions of the trustee to the claim of the Bowling Green Trust Company and ordering the claim paid as a preferred claim.

The second contention is equally untenable. The assignment of this policy dates from the time of actual assignment, not from the time of the fire.

The position of the trustee on the third proposition is sound.

Counsel for the Trust Company has submitted abundant authority to the effect that there may be created an equitable lien by a verbal declaration of such an intention. A delivery of the policies is evidence of such an intention. The acts and conduct of the officer of the bank and of McChesney would strongly indicate that such was their purpose. Where the pledge is accompanied by a good faith delivery of the policies it would take strong evidence to overcome the presumption that it was the intention of the parties to create a lien. Baker's Trustee v. People's Bank, 217 Ky. 56, 288 S.W. 1030.

The question here is not whether there was a lien created but whether without a lien there is an insurable interest.

The record contains this stipulation: "That the personal property upon which the fire loss was sustained was not subject to any mortgage, lien or special interest of the Bowling Green Trust Company."

Without a lien there was no insurable interest and there can be no preference to the Bowling Green Trust Company. Vancourver Nat. Bank v. Law Union & Crown Ins. Co., C.C., 153 F. 440; Phillips, Ins. § 201; 1 Arnould, Mar.Ins. (7th Ed.) § 310; 26 Corpus Juris, 133.

The exception of the trustee to the claim of the Bowling Green Trust Company being allowed as preferred should have been sustained.

Proper orders in conformity herewith should be prepared and submitted.