### KACZMARCK v. LA PERRIERE.

1. INSURANCE—AUTOMOBILES—AUTOMATIC COVERAGE ON TRADED CAR —NOTICE TO INSURER.

 Insured who traded insured car for a second car without notifying insurer of such trade and then traded second car for a third car and notified insurer within time prescribed by policy after last trade made automatic insurance clause effective on the third car.

2. SAME—AUTOMOBILES—ASSIGNMENT—CONSENT OF INSURER—RETROACTIVE TERMINATION.

 Provision of automobile insurance policy that an "assignment of interest under this policy shall not bind the company until its consent is indorsed hereon" was to protect the insurer from

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 5 Am Jur, Automobiles § 507.

liability on a risk which it did not elect or choose to assume and was not designed to serve as a loophole through which the insurer may escape liability for loss in connection with the precise risk assumed under the policy by the simple expedient of a retroactive, *nunc pro tunc* termination of coverage in relation to that risk and assumption of a new and different risk in place thereof.

3. SAME—AUTOMOBILES—CONSENT TO ASSIGNMENT—GARNISHMENT.

Assignment of automobile insurance policy at time insured traded car insured to assignee and received a second car which was later traded for a third car, of which last acquisition insurer was given notice pursuant to policy, did not relieve insurer from liability to plaintiff who was injured in an accident with the third car before insurer consented to assignment, hence, insurer was subject to garnishment by the injured party (CL 1948, § 522.33).

Appeal from Macomb; Spier (James E.), J. Submitted June 5, 1953. (Docket No. 1, Calendar No. 45,062.) Decided October 5, 1953.

Garnishment by Roman Kaczmarck against Harold La Perriere, principal defendant, and Indemnity Insurance Company of North America, garnishee defendant, to reach proceeds of casualty insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*William K. Campbell* and *Harold Helper,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for garnishee defendant.

DETHMERS, C. J.  This is garnishment brought to determine defendant insurance company's liability, as carrier of the public liability risk on principal defendant's automobile, to plaintiff on a judgment

secured by him against principal defendant for damages arising out of latter's negligent operation of that automobile. From entry of judgment on directed verdict for garnishee defendant and denial of plaintiff's motions for directed verdict and for new trial, he appeals.

On August 23, 1947, principal defendant owned a Packard automobile and insured it with defendant company against public liability for a period of 1 year. On November 18, 1947, he traded the Packard to one Thaxton for an Oldsmobile and delivered the insurance policy to him with intent to transfer the interest thereunder, although he executed no written assignment. He kept the Oldsmobile until June 22, 1948, but at no time did he notify defendant company that he had acquired it or seek to have the insurance made applicable to it. On that date he disposed of the Oldsmobile and purchased and took delivery of a Pontiac. Within 30 days he notified defendant company of his acquisition of the Pontiac, said he wanted to transfer his policy from the Packard to the Pontiac, and the company's agent took the transfer and assured him that the Pontiac was covered by the insurance policy. While driving the Pontiac on July 8, 1948, he became involved in the accident which resulted in the mentioned judgment. On or after August 4, 1948, defendant company denied coverage to him on the claimed ground that before the accident he had assigned the insurance to Thaxton; and in September or October of 1948, after the 1-year period of the policy had expired, it issued a change-of-name-of-insured indorsement to Thaxton, retroactive to November 18, 1947.

The policy contained the following provision:

"7. Automatic insurance for newly-acquired automobiles. .

"If the named *insured* who is the owner of the automobile acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date: (a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile."

Defendant company says that the Pontiac did not replace the Packard within the meaning of clause 7, above, because principal defendant, between the respective periods when he owned them, owned an Oldsmobile. It urges that, therefore, coverage was not extended to the Pontiac under that clause, citing *Schaller* v. *Aetna Casualty & Surety Co.,* 280 App Div 988 (116 NYS2d 729). We do not agree. Principal defendant had disposed of the insured Packard; at the time of the accident he owned and was operating, in place thereof, a Pontiac. The fact that during an intervening period he had owned an Oldsmobile, which he seldom operated and never sought to have covered under the policy, in nowise served to make the Pontiac, at the time of the accident, any less a replacement of the Packard. He notified defendant company of his acquisition of the Pontiac within 30 days from the date of its delivery to him, this making automatic insurance effective on it under clause 7.

The policy also contained the following provision:

"K. Assignment.

"Assignment of interest under this policy shall not bind the company until its consent is indorsed hereon."

It was stipulated that the insurer had never tendered a return of premium or any part thereof.

Defendant company contends that it is not liable because of principal defendant's assignment to Thaxton prior to the accident. Plaintiff answers that the assignment was ineffective under the above-quoted clause "K" prior to the accident because defendant company had not theretofore consented to nor indorsed on the policy its consent to the assignment. Defendant company counters that the provision therefor in clause "K" was not inserted in the policy for the benefit of plaintiff or the assured, but solely for the benefit of the insurer and that it may be waived by it. For this proposition it cites *McClendon* v. *Dean*, 45 NM 496 (117 P2d 250); *In re P. B. McChesney & Son*, 31 F Supp 202; *Brand* v. *Erisman*, 84 App DC 194 (172 F2d 28); *Hamilton* v. *Hamilton*, 255 Ala 284 (51 So2d 13); *Stokes* v. *American Central Insurance Co.*, 211 Miss 584 (52 So2d 358); *Davis* v. *Modern Industrial Bank*, 279 NY 405 (18 NE2d 639; 135 ALR 1035); *Immel* v. *Travelers' Insurance Co.*, 373 Ill 256 (26 NE2d 114). The last cited case held an assignment of no effect when not approved by the insurer. In the other 6 cases cited no question arose as to what risk had been assumed by the insurer or whether its liability on the specific risk described in the policy had been terminated or altered by the assured's assignment of interest under the policy without the insurer's consent. Three of the cases involved life insurance and 3 fire insurance. In none was liability for the specific loss covered by the express language of the policy denied or sought to be avoided, as here, by the insurer. Rather, the question in each case related to whether the payment of loss admittedly due from the insurer should be made, on the one hand, to the assured in the fire insurance cases or the named beneficiary in the life insurance cases, or, on the other hand, to the assured's assignee of the interest under the policy when the assignment either (1) had not been made in the form, or (2) had

not been consented to by the insurer before the time of loss, both as prescribed in the policy. In each case it was held that the mentioned requirement of the policy was inserted for the benefit of the insurer and could not be urged by the assured or those claiming under him or as his beneficiaries as against his assignee to defeat an otherwise good assignment. These were cases in which the assignee, not the insurer (as here), sought to avail himself of the benefits of the assignment. Such is not the situation before us. Here the question is not, as in those cases, to whom the insurer shall make payment for the specific loss covered by the terms of the policy, but, rather, whether the insurer's liability therefor was terminated altogether by the assignment. In the cited cases there was no question as to which risk the insurer was carrying when the loss occurred. In contrast, that is the precise question here.

Defendant company also cites *Serbinoff* v. *Wolverine Mutual Motor Insurance Co.*, 242 Mich 394, and quotes therefrom:

"The provision in the policy for consent to the transfer of title to the property insured was inserted for the benefit of the insurer, and may be waived by it."

In that case an assignment of an automobile insurance policy was held not binding on the insurer because consent thereto had been given by one of its agents acting outside the scope of his authority.

It will be seen from the above that none of the cited cases affords the answer to the problem presented at bar. At best, they do no more than to support defendant company's contention that clause "K" is for the benefit of the insurer and of no avail to the assured or those claiming under or through him and that an assignment, otherwise valid, is good as between assignor and assignee, even though not

binding on the insurer for lack of its consent. What is the nature of the benefit intended to be vouchsafed to the insurer by the provision in question? Clearly, it is to protect the insurer from liability on a risk which it did not elect or choose to assume. It is not designed to serve as a loophole through which insurer may escape liability for loss in connection with the precise risk assumed under the policy by the simple expedient of a retroactive, *nunc pro tunc* termination of coverage in relation to that risk and assumption of a new and different risk in place thereof. At the time the accident occurred, defendant company had not assumed the risk contemplated by the assignment and was not liable thereon. Can it be said that after the assignment and before its consent thereto defendant company was subject to no risk at all under the policy in question or that it could abide the eventualities of fate and thereafter elect, retroactively, to which risk it had been subject in the past? By no means. It follows that the company was continuing to carry the risk, assumed in the first instance, of the principal defendant, in relation to an automobile owned by him, until such time as it might consent to the assignment and assume a new, substituted, and different risk. There was no hiatus. In so holding we are not permitting plaintiff to avail himself of the benefit of clause "K", inserted in the policy for defendant company's benefit only, but, rather, we are limiting defendant company to the precise benefit thereby intended and, at the same time, denying it the privilege of availing itself of the benefits of the assignment made solely for the benefit of the assignee and not of the insurer. Plaintiff, thus, is allowed to avail himself only of the insuring provisions of the policy, the insurer's assumption of the precise risk here involved, and the statute permitting garnishment under the circumstances.*

---

* See CL 1948, § 522.33 (Stat Ann 1943 Rev § 24.296).—Reporter.

Reversed and remanded, with directions to grant plaintiff's motion for directed verdict and to enter judgment thereon.    Costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

BOYLES, J., did not sit.