443 P.2d 661

**George Martin ENGLISH and United Pacific Insurance Company, a corporation, Plaintiffs and Appellants,**

**v.**

**DAIRYLAND MUTUAL INSURANCE COMPANY, a corporation, Defendant and Respondent.**

**No. 11156.**

Supreme Court of Utah.

July 11, 1968.

---

1. Nawrocki v. Cole, 41 Wash.2d 474, 249 P.2d 969 (1952); 35 A.L.R.2d 805, § 2.

Raymond M. Berry of Worsley, Snow & Christensen, Salt Lake City, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

TUCKETT, Justice.

The plaintiffs appeal from an adverse summary judgment which held in effect that a policy issued by the defendant to the plaintiff, George Martin English, did not cover liability arising out of an accident in which English was involved.

The public liability and property damage policy was issued by the defendant to English becoming effective on June 9, 1965, for a period of one year. The automobile described in the defendant's policy was a 1964 Chevrolet Sport Impala. The policy contained a provision covering replacement vehicles in the following language:

Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named Insured and such spouse on the date of its delivery, and (ii) the named Insured or such spouse notifies the company within thirty days following such delivery date.

On February 15, 1966, English traded the Chevrolet automobile for a 1964 Monza and a 1961 Monza. On April 28, 1966, the 1964 Monza and the 1961 Monza were traded by English for a 1966 Corvair convertible. At the time of the acquisition of the 1966 Corvair, English applied for an automobile policy covering that vehicle and also public liability and property damage from the plaintiff, United Pacific Insurance Company. On May 14, 1966, English while operating the Corvair automobile was involved in an accident which resulted in injuries to passengers in the vehicle. On May 20, 1966, a report of the accident was made to the defendant Dairyland.

The United Pacific Insurance Company agreed with English that it would defend an action commenced by the passengers who had been riding in the English automobile for injuries suffered in the accident. After a settlement of the claims in that action United Pacific and English commenced this action seeking a contribution from the defendant.

It is the defendant's claim that English by failing to notify it that the Chevrolet

automobile described in the policy had been replaced by the 1961 Monza and the 1964 Monza, had failed to comply with the terms of the policy as set forth above and that by reason of such failure English was not covered by the defendant's policy at the time of the accident on May 14, 1966. The lower court interpreted the provisions of the policy as relieving the defendant of liability upon failure of the insured to notify Dairyland of the replacement of the automobile described in the policy by the two Monza automobiles. It is the contention of the plaintiffs that the provisions of the policy should be so interpreted as to provide coverage at the time of the accident.

Insurance policies covering automobiles for the most part contain provisions about replacements. The language in the policy before us as set forth above is a standard provision found in many policies and these provisions have been before the courts for interpretation in a number of cases, however, we have found no case arising in this jurisdiction dealing with this problem. It is a common practice in this country for owners of automobiles to trade in their vehicles on new or different vehicles from time to time and it would seem that the provisions of the policies respecting replacement automobiles are designed to give the insured uninterrupted coverage when he acquires a new or different automobile. It would seem that the provision of the policy above quoted was intended for the benefit of the insured. The purpose of the provision was to provide automatic insurance to English covering the replacement vehicle for a period of 30 days. If the insured fails to notify the insurance company of the acquisition of the replacement vehicle within the 30-day period the coverage terminates at the end of that period. We are of the opinion that the 1966 Corvair automobile which was involved in the accident of May 14, 1966, was a replacement automobile within the terms of the policy and the fact that English acquired and used two other vehicles in the interim between the issuance of the policy and the acquisition of the Corvair would not change its designation as such.[1] It should be noted that the terms of the policy do not require that the insured give notice to the insurance company that the vehicle covered by the policy was disposed of.

We are of the opinion that the summary judgment issue made and entered in the court below should be and the same is reversed. Costs to appellants.

1. Kaczmarck v. LaPerriere, 337 Mich. 500, 60 N.W.2d 327; Patrick v. State Farm Mutual Auto. Ins. Co., 90 N.J.Super. 442, 217 A.2d 909; Appleman, Insurance Law & Practice, Vol. 7, Sec. 4293, p. 94 and Sup. p. 24.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. A newly acquired automobile is covered by the insurance policy only if it replaces the one mentioned in the policy and if the named insured notifies the company within 30 days following the date of delivery of the substituted automobile.

In this case the original automobile was traded on February 15, 1966, for two automobiles. The policy would not cover two automobiles on a one-car premium. However, on April 28, 1966, these two cars were traded for one car, which on May 14, 1966, was involved in the collision which gave rise to this lawsuit. No notice was given to the defendant company of the transfer of the automobiles until six days after the collision had occurred, some 94 days after the insured car was disposed of.

Even if it be assumed that the two automobiles were covered for 30 days by the insurance policy, they would not be covered after the expiration of 30 days because no notice of the transfer was given to the company; and when these two cars were traded for the car involved in the accident, they were not insured cars, and the last automobile did not replace an insured vehicle.

I would affirm the trial court and award costs to the respondent.