CORBETT v ALLSTATE INSURANCE COMPANY

Docket No. 57371. Decided January 29, 1976.

Wayne T. Jameson, while driving a vehicle other than the one described in his Farm Bureau Insurance Group insurance policy, was in an automobile. accident with an automobile owned and driven by Frank Stockdale in which Dorothy Stockdale and Donald L. Corbett were passengers. The policy was written on a 1959 Chevrolet pickup truck which was used by Jameson to haul tools and which was inoperable when Jameson purchased the 1960 Chevrolet passenger vehicle which he used to haul tools from. the date of its purchase until the accident two days later. Plaintiffs Corbett and Stockdale brought an action against Allstate Insurance Company, Farm Bureau Insurance Group, and other insurers for a declaratory judgment to determine which insurer owed coverage. The Wayne Circuit Court, Nathan J. Kaufman, J., found that the 1960 Chevrolet was a "replacement vehicle" within the meaning of the Farm Bureau policy and ordered Farm Bureau to provide insurance coverage, and granted summary judgment for Allstate and another insurer. The Court of Appeals, R. B. Burns, P. J., and T. M. Burns and R. M. Maher, JJ., reversed (Docket No. 20260). Defendant Allstate Insurance Company applies for leave to appeal. *Held:*

At no time was there more than one operable covered vehicle under the Farm Bureau policy. The listed vehicle was inoperable and the insurer bore no risk of double exposure. On the facts of this case Jameson's 1960 Chevrolet "replaced" his 1959 Chevrolet pickup within the meaning of the Farm Bureau policy. The Court of Appeals is reversed and the circuit court judgment is reinstated.

62 Mich App 557; 233 NW2d 649 (1975) reversed.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* for defendant Allstate Insurance Company.

*Harvey, Kruse & Westen, P. C.,* for defendant Farm Bureau Insurance Group.

Per Curiam. The parties disagree on the meaning of the word "replaces" in Farm Bureau's policy defining "owned automobile" to include an automobile which "replaces an owned automobile". The Court of Appeals said:

"For 'replacement' to occur when an insured has two vehicles in his possession, the newly acquired vehicle must take the place of the described vehicle and the described vehicle must be treated in such a manner that it becomes clearly apparent that it has been replaced by the newly acquired vehicle and is *no longer* covered by the insurance policy." 62 Mich App 557, 564; 233 NW2d 649 (1975).

Construing the policy against the insurer,[1] we are unable to accept the Court of Appeals' holding on the facts of this case.[2] Consequently, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals judgment and reinstate the judgment of the Wayne Circuit Court.

Many states accept the proposition that for an acquired vehicle to "replace" the car described in the policy, the described car must be disposed of, or if retained, be inoperable or incapable of further service. See, *e.g., Pioneer Casualty Co v Jefferson,* 456 SW2d 410, 412 (Tex Civ App, 1970); *Fitch v Bye,* 288 Minn 344; 180 NW2d 866, 870 (1970). In *Filaseta v Pennsylvania Thresherman & Farmers' Mutual Insurance Co,* 209 Pa Super 322; 228 A2d 18 (1967), a 1953 Chevrolet was covered despite the insured's retention of a 1949 Studebaker that, at the time in question, was inoperable although later repaired and sold.

---

[1] In the context of replacement clauses, *see Plasman v Foremost Insurance Company,* 365 Mich 586; 113 NW2d 906 (1962), and *Kaczmarck v LaPerriere,* 337 Mich 500; 60 NW2d 327 (1953).

[2] The facts are fully set forth in the Court of Appeals opinion. 62 Mich App 557, 559–561.

The reason for such a finding was well-stated by the Minnesota Supreme Court:

"In the replacement-automobile cases the courts are usually willing to allow coverage under the policy as long as there is only one operable car. It makes no difference that the replacement car is purchased before the replaced car is sold as long as the replaced car is sold or is not operable at the time of the accident. In this way other users of the highways are protected and the insurance company's liability is limited to the operation of one car by the insured." *St Paul Fire & Marine Insurance Co v Nyquist,* 286 Minn 157; 175 NW2d 494 (1970).

At no time was there more than one operable, covered vehicle under the Jameson policy. The listed vehicle was inoperable, and the insurer bore no risk of double exposure. This has been a determinative factor for other courts. *Iowa National Mutual Insurance Co v McGhee,* 408 F2d 4 (CA 4, 1969); *National Indemnity Co v Giampapa,* 65 Wash 2d 627; 399 P2d 81 (1965); *State Farm Mutual Auto Insurance Co v Johnston,* 9 Cal 3d 270; 107 Cal Rptr 149; 507 P2d 1357 (1973). It is a determinative factor for us.

We agree with the Pennsylvania court in *Filaseta* that the result must depend on the facts of each individual case; "a hard and fast rule that the car must be junked or sold * * * would work in many cases a substantial injustice". 209 Pa Super 322, 329; 228 A2d 18, 22. We find that Jameson's 1960 Chevrolet "replaced" his 1959 Chevrolet pickup within the meaning of the Farm Bureau policy.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.