Roger W. **PERRY, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY, Defendant.**

Civ. A. No. 81–0850–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Feb. 2, 1982.

Paul R. Pearson, Arthur & Speed, Ltd., Arlington, Va., for plaintiff.

Robert L. Murphy, Alexandria, Va., for defendant.

**MEMORANDUM OPINION AND ORDER**

CACHERIS, District Judge.

This case comes before this Court submitted upon the pleadings, stipulation of facts, memoranda of law and oral argument.

The sole issue for determination is whether an insurance policy for accidental death and dismemberment benefits providing indemnity "for loss of one foot by severance at or above the ankle" covers a policyholder who has lost the use of his feet by reason of paralysis.

The stipulated facts are as follows:

(1) On or about May 25, 1980, the plaintiff was involved in a motorcycle accident in Rockingham, North Carolina.

(2) As the consequence of said accident, the plaintiff sustained T–11 and T–12 spinal compression fractures, resulting in the functional loss of use of both lower extremities due to T–12 paraplegia.

(3) The accident did not cause any direct trauma to the ankles or feet, and both feet remain completely attached to the body.

(4) At the time of said accident, the plaintiff was insured under an accidental death and dismemberment policy issued by the defendant ... said policy recites, *inter alia,* that the insured shall be entitled to Fifty Percent (50%) of the policy benefit "... for loss of one foot by severance at or above the ankle", and said policy further recites that the insured shall be entitled to One Hundred Percent (100%) of the stated principal sum "... for loss of more than one of the above in any one accident."

(5) If he prevails in this action, plaintiff is entitled to recover Thirty Thousand Three Hundred Five and 60/100 Dollars ($30,305.60) from the defendant.

The plaintiff contends that the policy language is ambiguous when applied to the facts of this case and, therefore, should be construed liberally in favor of the insured so as to effect indemnity under the policy. The defendant contends that the policy language is clear and unambiguous and does not provide for coverage where the policy-

holder suffers a mere functional loss of use of his feet without a showing of some actual, physical severance at or above the ankle.

The rules of construction of insurance contracts are well settled in Virginia.

Contracts of insurance are to be liberally construed in favor of the insured, but if they are plain and clear and not in violation of law or inconsistent with public policy, we are bound to adhere to their terms. It is the function of the court to construe the language of the contract as written, and the court cannot make a new contract for the parties different from that plainly intended and thus create a liability not assumed by the insurer.

*Pilot Life Insurance Co. v. Crosswhite*, 206 Va. 558, 561, 145 S.E.2d 143, 146 (1965). And in the later case, *Carey v. State Farm Mutual Insurance Company*, 367 F.2d 938, 941 (4th Cir. 1966), the court held:

We agree with the District Court in its holding that the Chevrolet was insured under the family policy as an after-acquired automobile. The insurer is bound by the express terms of its contract of insurance. When those terms, taken in their ordinary sense, convey a clear and unambiguous meaning, a court cannot indulge in ferreting out hidden meanings or unexpressed intentions to relieve the insurer of liabilities assumed in the policy. When ambiguities arise, the intent of the parties is controlling; but if any doubt remained it would, under the familiar rule, be resolved in favor of the insured since the insurer formulated the language in the policy.

In addition, the Supreme Court of Virginia in *Ayers v. Harleysville Mutual Casualty Co.*, 172 Va. 383, 389, 2 S.E.2d 303, 305 (1939) stated that ambiguities must be interpreted strongly against the insurer and liberally construed in favor of the insured.

This is a case of first impression in Virginia; therefore, this Court must make an estimate of what the state's highest court would rule as to its law. While no reported case has dealt with the exact policy language and facts in the case at bar, the case law of other jurisdictions does provide guidance for the resolution of the issue before this Court.

Plaintiff relies in large measure on *Reliance Ins. Co. v. Kinman*, 252 Ark. 1168, 483 S.W.2d 166 (1972), in which the Arkansas Supreme Court held the term "actual severance" to be clearly ambiguous.

There, the plaintiff's left leg was severely mangled during an automobile accident. A six inch section of femur was completely dislodged; the remainder of the plaintiff's lower leg remained connected only by a few strands of flesh. During the next several months, doctors attempted unsuccessfully to save the plaintiff's leg from amputation. Finally, after delays due to the plaintiff's weak heart and poor medical condition, the leg was amputated. The defendant's insurance company refused to pay the claim asserting that the plaintiff's leg was not actually severed until after the 180 day limitation period found in the policy.

The real issue decided by the court in *Kinman* was whether actual severance occurred within the 180 day limitation period; the issue of whether actual severance requires an actual physical separation or severance did not arise and was not addressed by that court.

The court in *Cunninghame v. Equitable Life Ins.*, 652 F.2d 306 (2nd Cir. 1981), faced a situation comparable to the case at bar. The plaintiff in *Cunninghame* sustained a severed spinal cord from a fall resulting in loss of sensation and motor control in both legs. The insurance policy covered the loss of two feet and further defined loss to mean "dismemberment by severance at or above . . . ankle joints . . ." The court held in denying coverage:

Thus, 'dismemberment by severance' has to mean in our view some actual, physical separation; the use of two words essentially expressing the same idea strikes us as unambiguous draftsmanship by an abundantly cautious lawyer. And when added to this phrase in the clause 'at or above wrist or ankle joints', it would seem plain that the policy had the limited scope which we ascribe to it, 652 F.2d at 309.

Similarly, the Supreme Court of Oregon in *Sitzman v. John Hancock Mutual Life Ins. Co.*, 268 Or. 625, 522 P.2d 872 (1974), denied a claim under a policy covering ". . . loss by actual severance through or above the . . . ankle joint" filed by a plaintiff whose severed spinal cord caused paralysis in both legs. After distinguishing *Kinman* and related cases, the court found the policy language to be plain and unambiguous, 522 P.2d at 873–875.

Again in *Juhlin v. Life Ins. Co. of North America*, 301 N.W.2d 59 (1980), a court was confronted with a plaintiff seeking to construe the policy language "loss by actual severance" so as to cover an accident-caused paralysis of his legs and feet. The Minnesota Supreme Court distinguished those cases, including *Kinman*, supporting the plaintiff's view that a loss "can mean loss of use even when the insurance policy in controversy defines 'loss' to mean some kind of 'severance'. The court reasoned that in each case the plaintiff "had initially suffered a complete or almost complete, dismemberment of the limb for which he claimed insurance coverage. In each case an amputation of the limb occurred subsequent to the severing injury, but after the post injury interval to which the insurance policy limited its coverage," 301 N.W.2d at 60.

This court places great weight in the reasoning of these cases. To extend the coverage of this policy to situations involving a loss of use of one foot absent a physical cutting, separation or severance would deny effect to and would render meaningless the policy language "by severance at or above ankle."

The plaintiff in the instant case did suffer a serious, debilitating injury. However, this Court concludes that the policy language in the Accident Death and Dismemberment policy "loss of use of one foot by severance at or above ankle" is clear and unambiguous and that the words do not cover the plaintiff's loss of use of his legs which has resulted from his spinal injury and paralysis.

It is accordingly,

ORDERED: That judgment be, and the same hereby is, entered in favor of the defendant and against the plaintiff.