John BECKTELL, Plaintiff,

v.

ALLSTATE LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 85–CV–60524–AA.

United States District Court, E.D. Michigan, S.D.

Dec. 1, 1986.

Robert E. Logeman, Ypsilanti, Mich., for plaintiff.

Elizabeth Hardy, Detroit, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

La PLATA, District Judge.

On July 30, 1984, Plaintiff, John Becktell, was seriously injured when the motorcycle that he was operating was struck by an automobile in Washtenaw County, Michigan. As a result of the collision, Plaintiff sustained a cervical root abulsion of the right brachial plexus. While his right arm has not been amputated, he essentially has lost the use of the limb. In 1981, Plaintiff purchased an insurance policy from Allstate Insurance Company, which provided him with benefits in the event of "accidental death" or "dismemberment."

In this action, removed to this Court on December 20, 1985,[1] Plaintiff seeks to recover under the terms of the insurance policy issued by Defendant, Allstate Insurance Company. Plaintiff alleged that he suffered the loss of his right arm through an automobile accident, for which he is entitled to $25,000.00 under part II of the insurance certificate. On September 2, 1986, Defendant filed a motion for summary judgment, contending that insurance coverage is circumscribed to instances where the insured suffered accidental death, the dismemberment or severance of a hand or a leg, or the loss of vision. Referring to the terms of the insurance policy, Defendant asserts that since Plaintiff did not sustain an amputation of the right hand, it is not obligated to provide insurance benefits to him. To this argument, Plaintiff maintains that the terms of the insurance policy are ambiguous, in that it holds, at least in one portion, that the loss, only, of the use of a hand or foot triggers the right to receive benefits.

The effective date of the insurance policy was November 14, 1981. In the certificate of insurance, Defendant provided that, "Allstate Insurance Company and its affiliates makes available accidental and *dismemberment insurance* for persons who

have a contractual relationship with Allstate Insurance Company or one of its affiliate companies." (Emphasis provided). In the meaning of words segment of the certificate, the following clause appears:

> " *'Loss' as used with reference to a hand or a foot means severance at or above the wrist or ankle joint.* Used with reference to the eye means total and irrevocable loss of the entire sight of an eye." (Emphasis supplied).

An informational flyer promoting its "Accidental Death and Dismemberment Insurance," Defendant delineated the parameters of the insurance: (1) If a person suffers more than one loss in an accident, only the greater amount of insurance benefits will be paid; (2) benefits are not afforded for death, loss of sight, or dismemberment which occurs more than one year after the accident; and (3) the policy does not provide coverage where the injury or death is self-inflicted or the result of war. Additionally, the informational document prescribes that:

> "The policy described provides benefits for accidental death and *dismemberment* only. It is not a hospitalization or medical expense policy covering illness or disease. 50% of the applicable death benefit is payable if accidental injury results in the *complete and total loss of a hand, foot* or the entire and irrecoverable loss of sight in an eye. The full benefit is paid if more than one such loss occurs as a result of the same accident." (Emphasis added).

A question and answer segment also is featured in the informational flyer. A question and answer pertinent to this dispute reads:

> "Q. What are the dismemberment benefits?"
>
> "A. If you should lose a hand, foot or the sight of one eye in a covered accident, you would receive 50% of the applicable benefit. If you were

---

**1.** The action was commenced in the Washtenaw County Circuit Court on November 22, 1985. A foreign corporation, Defendant, timely removed the action to this Court, pursuant to 28 U.S.C. § 1441, on December 20, 1985.

to lose any two of the above, you would receive the full benefit."

A scrutiny of the above-quoted passages leads this Court to conclude that the coverage for an injury to a hand or a foot is limited to instances where the insured suffered a severance of the limb. The certificate of insurance defines a loss to a hand or foot as "a severance at or above the wrist or ankle joint," while the informational packet describes a dismemberment as the total loss of a hand or foot. In the area of the flyer where Defendant refers to the "total loss of a hand or a foot," it follows it with information that benefits are available for the "loss of sight in an eye." It is clear that the removal, or exoculation, of an eye is not necessary for benefits to apply, but that the severance of a hand or foot is required in order for the insured to recover. This Court finds that the language of the insurance policy and any promotional and informational material is unambiguous and can only lead to one reasonable interpretation: that benefits are not awardable for an injury to an insured's foot or hand unless he sustained a severance thereof.

In *Traverse v. World Service Life Insurance Co.*,[2] the Plaintiff sought recovery under a group accident insurance policy for injuries incurred in an assault and battery. He contended that even though his hands were not actually severed, he totally lost the usage of his hands, and, thus, was eligible for benefits under the terms of the policy.

In holding that Plaintiff was not entitled to recover for benefits for the injuries to his hands, the *Traverse* Court reasoned:

In the instant case, Section III clearly sets out what benefits are payable to an insured under the terms of the policy. As defined in Section III, "loss" of hands unambiguously means severance as opposed to loss of use. With the exception of the alleged loss of his left eye, the various other injuries Plaintiff seeks recovery for are not listed within the "Description of Benefits" contained in Section III and there are no other provisions of the policy which provide benefits for those injuries.[3]

Similarly, in *Perry v. Connecticut General Life Insurance Co.*,[4] the holder of an insurance policy sought the recovery of dismemberment benefits for a motorcycle accident that caused him to suffer the loss of the use of his feet. The insurance policy provided for dismemberment benefits "for loss of [a] foot by severance at or above the ankle." Relying on the Second Circuit Court of Appeals case of *Cunninghame v. Equitable Life Assurance Society of the United States*,[5] the *Perry* Court held that the Plaintiff's injuries, while grave, did not fall within the ambit of the benefits available under the policy:

The plaintiff in the instant case did suffer a serious, debilitating injury. However, this Court concludes that the policy language in the Accident Death and Dismemberment policy "loss of use of one foot by severance at or above ankle" is clear and unambiguous and that the words do not cover the plaintiff's loss of use of his legs which has resulted from his spinal injury and paralysis.[6]

In the matter at bar, Plaintiff suffered an unfortunate, disabling injury. Nevertheless, he purchased an insurance policy containing reasonable, unambiguous limitations. The term "dismemberment," which is readily defined in the insurance policy and in dictionaries, applies only to a severance of a hand or a foot. The parties to any insurance policy are permitted to enlarge or circumscribe insurance liability

---

**2.** 436 F.Supp. 810 (W.D.Okl.1977).

**3.** *Traverse* at 812.

**4.** 531 F.Supp. 625 (E.D.Va.1982).

**5.** 652 F.2d 306, 309 (2d Cir.1981).

**6.** *Perry* at 627. See, also, *Murray v. Insurance Co. of North America*, 490 S.W.2d 250 (Tex.Civ. App.1973); *Sitzman v. John Hancock Mutual Life Insurance Co.*, 268 Or. 625, 522 P.2d 872 (1974).

risks as they desire;[7] here, the risk undertook by the insurer was limited to the insured's death, loss of vision in an eye, or severance of a hand or a foot. This Court is not empowered to rewrite the policy in order to award benefits to an aggrieved insured.[8] Consequently, Defendant's Motion for Summary Judgment is GRANTED. In view of this ruling, the Court does need to address Defendant's alternate basis for a summary judgment, that Plaintiff did not submit a written proof of loss within nine months of the accident.

---

**7.** *Lehr v. Professional Underwriters*, 296 Mich. 693, 296 N.W. 843 (1941); *Kaczmarck v. La Perriere*, 337 Mich. 500, 60 N.W.2d 327 (1953).

**8.** *Usher v. St. Paul Fire & Marine Insurance Co.*, 126 Mich.App. 443, 337 N.W.2d 351, 353 (1983).