Emery HORVATIN; Mary Horvatin, Plaintiffs–Appellants,

v.

**ALLSTATE LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 86–5907.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1988.

Decided June 10, 1988.

William D. Shapiro, San Bernardino, Cal., for plaintiffs/appellants.

Margaret Levy, Adams, Duque & Hazeltine, Los Angeles, Cal., for defendant/appellee.

Before FLETCHER, FARRIS and LEAVY, Circuit Judges.

FLETCHER, Circuit Judge:

Emery and Mary Horvatin appeal the district court's finding that the Accidental Death and Dismemberment policy they purchased from Allstate Insurance Company does not cover Emery's injuries. We affirm.

## FACTS

The Certificate of Insurance the Horvatins received from Allstate provided benefits for loss of life, hands, feet, or the sight of an eye. The policy defined "loss" thus:

"Loss" as used with reference to a hand or a foot means severance at or above the wrist or ankle joint. Used with reference to the eye, means total and irrecoverable loss of the entire sight of an eye."

During the policy period Emery Horvatin was paralyzed from the waist down in a three-wheeled off-the-road vehicle accident in Mexico. Allstate denied Horvatin's claim for the loss of use of his feet, contending that the policy only covered the actual loss of feet severed at or above the ankle.

The Horvatins filed a complaint alleging breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and violation of Cal.Ins.Code § 790.03. The parties agreed to allow the district court to determine initially, on a motion for partial summary judgment, whether the policy covered Horvatin's injuries assuming (1) his spinal cord was severed, or (2) his spinal cord was not severed. The district court found no coverage, regardless of whether the spinal cord was severed. *Horvatin v.* *Allstate Life Ins. Co.,* 631 F.Supp. 1271 (C.D.Cal.1986). The Horvatins appeal.

## DISCUSSION

### I. *Standard of Review.*

This court reviews de novo the district court's interpretation of insurance policies, which present mixed questions of law and fact. *James B. Lansing Sound, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 801 F.2d 1560, 1564 (9th Cir. 1986). This policy's interpretation is governed by California law, which holds that where the evidence is uncontradicted, the interpretation of the policy is solely a judicial function and a reviewing court is not bound by the interpretation of the trial court. *Id.*

### II. *Jurisdiction of the Court of Appeals.*

In response to an order to show cause why the appeal should not be dismissed for lack of jurisdiction, both parties stipulated that the district court's declaratory judgment on the question of policy coverage was intended to resolve all of the claims. Only if the court found coverage under the policy would the case have proceeded to trial on the remaining claims.

The judgment of the district court was "an attempt to dispose of all claims in the action." *Squaxin Island Tribe v. State of Washington,* 781 F.2d 715, 719 (9th Cir. 1986). Accordingly, we find that we have jurisdiction under 28 U.S.C. § 1291 to review the order. *French v. Merrill Lynch, Pierce, Fenner & Smith,* 784 F.2d 902, 905 (9th Cir.1986).

### III. *Policy Coverage.*

We see no reason to depart from the reasoning or result reached by the district court. *Horvatin v. Allstate Life Ins. Co.,* 631 F.Supp. 1271 (C.D.Cal.1986). Mr. Horvatin's paraplegia is not covered by his Accidental Death and Dismemberment policy because damage to the spinal cord, even if it was severed, does not constitute "severing" the foot at or above the ankle resulting in the loss of the foot.

While this is a question of first impression for California, the weight of authority from other jurisdictions is against coverage. We agree with the district court that California would be more likely to condition coverage on some kind of severance of the foot, following *Becktell v. Allstate Life Ins. Co.*, 648 F.Supp. 977 (E.D.Mich.1986) *aff'd*, 838 F.2d 1215 (6th Cir.1988); *Farthing v. Life Ins. Co. of N. Am.*, 500 N.E. 2d 767 (Ind.App.1986); *Francis v. INA Life Ins. Co. of N.Y.*, 809 F.2d 183 (2d Cir.1987) (applying New York law); *Cunninghame v. Equitable Life Assur. Soc. of the U.S.*, 652 F.2d 306 (2d Cir.1981) (applying Connecticut law); *Perry v. Connecticut General Life Ins. Co.*, 531 F.Supp. 625 (E.D.Va. 1982); *Sitzman v. John Hancock Mut. Life Ins. Co.*, 268 Or. 625, 522 P.2d 872 (1974), rather than to construe "loss" loosely to encompass severance of the spinal cord or to find constructive loss of the feet. We agree with the district court that the cases on which Horvatin primarily relies, *Neer v. Fireman's Fund, Am. Life Ins. Co.*, 103 Wash.2d 316, 692 P.2d 830 (1985); *Galindo v. Guarantee Trust Life Ins. Co.*, 91 Ill.App.3d 61, 414 N.E.2d 265 (1980), are distinguishable.

As the Horvatins argue, any ambiguities in the terms of a policy are to be construed against the insurer. However, California law also requires that "where the terms of the policy are plain and explicit, the court will indulge in no forced construction so as to cast a liability upon the insurance company which it has not assumed." *New York Life Ins. Co. v. Hollender*, 38 Cal.2d 73, 237 P.2d 510, 514 (1951). Construing "loss" of a foot by "severance" to include lower body paralysis is such a forced construction.

AFFIRMED.