**Robert DESRUISSEAUX, Plaintiff,**

v.

**ANTHEM LIFE INSURANCE COMPANY, Defendant.**

**No. CV–N–91–001–HDM.**

United States District Court, D. Nevada.

Dec. 26, 1991.

Curtis B. Coulter, Reno, Nev., for plaintiff.

John A. Aberasturi, Reno, Nev., for defendant.

## MEMORANDUM OPINION AND ORDER

McKIBBEN, District Judge.

Plaintiff Robert Desruisseaux brought this action against Anthem Life Insurance Company ("Anthem") in the Second Judicial District Court of the State of Nevada. Anthem removed the action to this court on the basis of diversity jurisdiction. Plaintiff seeks to recover for his injuries under the terms of an insurance policy issued by Anthem to Plaintiff's union. That policy contained an "employee AD & D insurance

---

benefit" which provided accidental death and dismemberment benefits to the insured or the insured's beneficiary. While the insurance policy was in effect, Plaintiff was involved in an automobile accident on May 19, 1990. As a result of that accident, Plaintiff suffered an injury to his spinal column which severed his spine and, as a consequence, he lost the use of both of his feet. His feet were not severed from his body. Plaintiff submitted a claim for accidental dismemberment benefits. Anthem denied the claim contending that Desruisseaux's loss of the use of his feet was not a covered loss under the policy.

Both parties have filed crossmotions for summary judgment and agree there are no disputed issues of fact, and the case should be decided as a matter of law.

Anthem's dismemberment policy provided for benefits in case of loss of hands, feet or eyes. Under the express terms of the policy "loss of a hand or foot means the complete and permanent severance of the hand or foot at or above the wrist or ankle joint. Loss of an eye means the entire and permanent loss of the sight of that eye."

■ In a diversity action this court is required to apply Nevada law. The Nevada Supreme Court has not interpreted a loss under this type of insurance plan, and the issue presented here is one of first impression in Nevada. In the absence of controlling forum state law, this court must determine how the Nevada Supreme Court would decide the question if it were presented to that court. In so doing, "a federal court may be aided by looking to well-reasoned decisions from other jurisdictions." *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir. 1980). Ultimately, a federal court sitting in diversity must use its own best judgment in predicting how the state supreme court would interpret the insurance contract. *State Farm Mutual Auto Insurance Co. v. Davis*, 937 F.2d 1415, 1418 (9th Cir.1991).

The Nevada Supreme Court held in *Richfield Oil Corp. v. Harbor Insurance Company*, 452 P.2d 462, 466 (1969), that in construing an insurance contract "the terms of the parties should be taken and

understood in their plain, ordinary and popular sense."

The plaintiff contends that since he suffered a severed spinal cord and will never again have the use of his legs, there has been a complete and permanent severance of his feet above his ankle joints and, therefore, coverage should be provided under the terms of the policy. Essentially, Plaintiff maintains that the policy's definition of loss is expansive enough to permit an interpretation that the loss of use of a foot due to paralysis triggers coverage and that there has been a severance since the spinal cord was severed. The plaintiff cites *Reliance Insurance Company v. Kinman*, 252 Ark. 1168, 483 S.W.2d 166 (1972), and *Neer v. Fireman's Fund American Life Ins. Co.*, 103 Wash.2d 316, 692 P.2d 830 (1985), in support of his construction of the contract. The *Kinman* case differs significantly from the instant case. In *Kinman*, the plaintiff's leg was severely mutilated in an automobile accident. After significant delays due to the plaintiff's weak heart condition, Plaintiff's leg was ultimately amputated. The insurance company declined to pay the claim contending the leg was not actually severed until the expiration of the one hundred and eighty-day (180) limitation period in the policy. The critical inquiry in *Kinman* was not whether actual severance occurred but whether the severance occurred within the limitation period.

In *Neer* the plaintiff severed his spinal column when he fell from a tree and lost the use of his legs. The policy covered accidental injury which was broader in scope than the death and dismemberment policy in the present case. The *Neer* court distinguished contrary authority on the basis that "nothing in the policy limits loss to dismemberment or amputation as did provisions in many of the policies in [other] cases ..." *Id.* at 320, 692 P.2d at 833.

■ The weight of authority from other jurisdictions is against coverage. While this is a question of first impression for Nevada, this court believes the Nevada Supreme Court would find the reasoning of *Horvatin v. Allstate Life Ins. Co.*, 848 F.2d 1012 (9th Cir.1988), persuasive and

that Nevada would be more likely to condition coverage on some kind of severance of the foot following *Becktell v. Allstate Life Ins. Co.,* 648 F.Supp. 977 (E.D.Mich.1986), *affirmed* 838 F.2d 1215 (6th Cir.1988); *Cunninghame v. Equitable Life Assur. Soc. of the U.S.,* 652 F.2d 306 (2d Cir.1981); *Perry v. Connecticut General Life Ins. Co.,* 531 F.Supp. 625 (E.D.Va.1982).

Here, the plain terms of the Anthem policy specifically require the complete and permanent severance of the foot at or above the wrist or ankle joint before there is entitlement to disability benefits. The policy distinguishes the loss of a foot from the loss of an eye. The loss provision does not require a "severance" in order to recover for the loss of the eye. Any permanent loss of the sight of the eye permits recovery. In contrast to that language, the policy provision relative to loss of feet requires the complete and permanent severance of the foot at or above the wrist or ankle joint in order to be construed as a covered loss. The expansive interpretation of the contract advanced by Plaintiff would "frustrate the parties' intentions when they formed the insurance contract." *Horvatin v. Allstate Life Ins. Co.,* 631 F.Supp. 1271, 1275 (C.D.Cal.1986).

Therefore, the court concludes that the provisions of the Anthem policy are unambiguous and require the physical separation of the foot at or above the ankle joint before a loss has been sustained under the express terms of the policy. The loss of a foot by severance does not include lower body paralysis. The loss Plaintiff suffered here is not one covered under the express provisions of the Anthem policy. Defendant's motion for summary judgment (# 10) is GRANTED.

It is so ORDERED.