SCANLON v. WESTERN FIRE INSURANCE COMPANY.

1. INSURANCE—JUDICIAL NOTICE—POLICY PROVISIONS—FORCIBLE ENTRY—VISIBLE MARKS.
    Court of Appeals can take judicial notice that insurance policy provision excluding from coverage a loss caused by theft unless the loss is the result of forcible entry leaving visible marks or visible evidence is common.

2. SAME—CONSTRUCTION OF POLICY—UNAMBIGUOUS PROVISION.
    An unambiguous provision in an insurance policy excluding liability of the insurer for certain losses does not justify application of the general principle that insurance policy will be construed most favorably to insured.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5] 29A Am Jur, Insurance § 1336.
[2] 29 Am Jur, Insurance §§ 258–264.
[4] 29A Am Jur, Insurance § 1840.
[6] 29 Am Jur, Insurance § 246.
[7] 5 Am Jur 2d, Appeal and Error § 1009 et seq.

3. Same—Theft or Burglary Policy—Limitation of Risk—
Premiums.

    An insurer under policy insuring against loss by theft may limit
    the risks it assumes and fix its premiums accordingly.

4. Same—Policy Not Read—Knowledge of Insured—Fraud.

    Insured must be held to a knowledge of the conditions of his
    policy, even though he did not read it, in the absence of fraud
    in the making of the insurance contract.

5. Same—Exclusions—Forcible Entry—Visible Marks—Public
Policy.

    Provisions of insurance policy excluding from coverage a loss
    caused by theft unless the loss is the result of forcible entry
    into a vehicle of which there are visible marks on the exterior
    of vehicle, *held*, not contrary to public policy.

6. Appeal and Error—Questions Reviewable—Consideration by
Trial Court—Ambiguity of Policy—Insuring Against Theft.

    Question of construction and ambiguity of insurance policy
    insuring against loss by theft is not a proper subject for
    consideration on appeal, where it was not raised in the trial
    court.

7. Costs—Question of Public Policy—Insurance—Exclusion
Clause in Theft Policy.

    No costs are allowed on appeal from judgment sustaining validity
    of provision in insurance policy excluding liability for loss by
    theft from vehicle unless loss is result of forcible entry of
    which there are visible marks upon the exterior of the vehi-
    cle, a question of public policy being involved.

Appeal from Common Pleas Court of the City of
Detroit; Connolly (John W.), J.  Submitted Divi-
sion 1 June 1, 1966, at Detroit.  (Docket No. 1,478.)
Decided September 13, 1966.

Declaration by James M. Scanlon against West-
ern Fire Insurance Company, a foreign corpora-
tion, for loss by theft alleged to be insured against
by homeowner's policy issued by defendant.  Judg-
ment for defendant.  Plaintiff appeals.  Affirmed.

*James Thomson,* for plaintiff.

*Bailey & Vella* (*Paul L. Vella,* of counsel), for defendant.

Fitzgerald, J.   The stipulated facts of this case reveal the following:

On February 14, 1964, plaintiff's automobile was parked on the premises of a motel in the vicinity of Litchfield, Illinois, when it was broken into and miscellaneous personal property having a stipulated value of $773.11 was stolen therefrom.

The incident was reported to the Illinois State police whose officers made an investigation and a determination that entry into the plaintiff's automobile was believed made by the use of a table fork handle forced through the rubber molding around the window on the left door to flip the lock into an open position.   No marks were found on the car, although a fork was found in the automobile on the rear floor.   It was stipulated in the records that there were no visible signs on the exterior of the plaintiff's automobile.

At the time of the loss, the plaintiff was insured by a "homeowners" policy issued by defendant.   A claim for the loss was presented and denied by the defendant under the following language of the policy:

"Exclusions applicable to property away from described premises:

"This policy does not apply as respects this peril [theft] to loss away from the premises of:   *   *   * (b) property while unattended in or on any automobile, motorcycle or trailer, other than a public conveyance, *unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of*

*which entry there are visible marks upon the exterior of said vehicle."*   (Emphasis supplied.)

Suit was brought against defendant in the common pleas court for the city of Detroit and submitted on stipulated facts. A judgment of no cause of action was entered and plaintiff filed a claim of appeal with this Court.

. Plaintiff's main contention is that the "visible marks" requirement in the insurance policy constitutes an attempt to prescribe the character of evidence necessary to show liability and, hence, is void as against public policy.

Basically, appellant says that the provision, *supra,* of the insurance policy contracts away judicial notice, burden of proof, and, in general, attempts to set rules of evidence.

The injection of the intangible term "public policy" requires that we examine the means and the end sought by two contracting parties, *i.e.,* the insurer and the insured.

The Court can take judicial notice that provisions such as found in this policy are common, a fact borne out by the statement in 29A Am Jur, Insurance, § 1336:

"It is not uncommon for insurance companies to include in their theft or burglary insurance policies provisions restricting their liability to cases where there was some 'visible marks' or 'visible evidence' or the use of force or violence."

The article continues with the observation that such a clause is entirely competent for an insurer to insert and since such a provision is unambiguous, it does not justify the application of the general principle that the insurance policy will be construed most favorably to the insured. Accord, 5 Appleman, Insurance Law and Practice, § 3176.

In *Lehr* v. *Professional Underwriters* (1941), 296 Mich 693, the Court stated, "An insurance company may limit the risks it assumes and fix its premiums accordingly", and further, "the liability was limited in the policy. To hold otherwise would be to write a new contract for the parties." Accord, *Cottrill* v. *Michigan Hospital Service* (1960), 359 Mich 472.

Appellant in his brief asks, "How many people read a policy of insurance? How many people understand a policy of insurance?" The answer is probably a small percentage. See *Serbinoff* v. *Wolverine Mutual Motor Insurance Co.* (1928), 242 Mich 394. Therein the Court cites *Cleaver* v. *Traders' Insurance Co.* (1887), 65 Mich 527 (8 Am St Rep 908, where it was said:

"The fact that the plaintiff may not have read the printed conditions of his policy, and relied, in ignorance of them, upon the implied or assumed powers of the agent, cannot help him. It was his business to know what his contract of insurance was, and there can be no difference in this respect between an insurance policy and any other contract. In the absence of any fraud in the making of the same, and none is claimed in this case, the insured must be held to a knowledge of the conditions of his policy, as he would be in the case of any other contract or agreement."

Accord, *House* v. *Billman* (1954), 340 Mich 621.

While the precise question presented to us here has not been passed upon by our Supreme Court, *i.e.*, repugnancy to public policy of a limiting clause in an insurance policy, correlative cases have considered construction of such exclusionary clauses with judgment being rendered in favor of the defendant insurance company. *Sturgis National Bank* v. *Maryland Casualty Co.* (1930), 252 Mich 426. *Edgar's Warehouse, Inc.,* v. *United States Fidelity*

& *Guaranty Co.* (1965), 375 Mich 598.    Plaintiff raised the question of construction and ambiguity in his reply brief, but this, not having been raised in the court below, is not a proper subject for consideration on appeal.    *City of Detroit* v. *Burke Rental Service, Inc.* (1966), 3 Mich App 353.

The Court in *Lehr, supra,* stated:

"The present provision limiting liability is not against public policy.    It is not against public policy for a casualty company, in unambiguous terms, to limit its liability only to claims or suits brought within a time certain, and thus enable the company to make an early investigation, secure proofs, and possibly prevent fraud or collusion."

Here the casualty company has limited its risk, asking that some proof be offered to demonstrate that the automobile entered was in fact locked.

On the record before us, we cannot say that public policy is offended nor violence done to the insured's rights by enforcing the clearly-stated limitations of the policy.

Affirmed.    No costs, a question of public policy being involved.

J. H. Gillis, P. J., and Quinn, J., concurred.