HERRING v GOLDEN STATE MUTUAL LIFE INSURANCE
COMPANY

Docket Nos. 47278, 51221. Submitted April 9, 1981, at Detroit.—
Decided March 17, 1982.

Adam C. Herring was employed as an automobile mechanic,
painter and bumper. Herring sustained an injury to his back
while he was removing an automobile bumper for repair.
Subsequently, Herring underwent surgery for a ruptured disc.
Thereafter, Herring was told by his doctor that he could never
resume any type of work which involved heavy lifting. Subse-
quently, Herring made a claim for benefits arising from the
accidental injury with Golden State Mutual Life Insurance
Company pursuant to a disability insurance policy issued by
Golden State. The policy provided for a maximum benefit
period of 12 months for disability from sickness and a maxi-
mum period of 5 years for total disability due to accident.
Golden State paid sickness benefits for 12 months. Subse-
quently, Herring filed suit against Golden State in Wayne
Circuit Court. The court, Arthur M. Bowman, J., held that
Herring was totally disabled as a result of accidental bodily
injury and that a ruptured disc was not within the "Exceptions
and Limitations" provisions of the policy and entered judgment
for the plaintiff. The defendant appealed the entry of the
judgment and the plaintiff appealed the denial of his post-
judgment motion for 12% interest. The appeals were consoli-
dated by the Court of Appeals. *Held:*

1. The plaintiff is unable to engage in any and every gainful
occupation for which he is fitted by education, training or
experience. Thus, under the terms of the insurance policy, the
plaintiff should be considered totally disabled.

2. A ruptured disc is not within the "exception or limitation"

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 43 Am Jur 2d, Insurance § 271.
[2] 43 Am Jur 2d, Insurance § 274.
  44 Am Jur 2d, Insurance § 1606 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 839-845.
[4] 43 Am Jur 2d, Insurance §§ 265, 279.
[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[6] 73 Am Jur 2d, Statutes §§ 347, 350.

provision of the insurance policy that excludes hernia of any kind or a sprained or strained back from consideration as accidental bodily injury. The ordinary interpretation of ruptured disc would not be included within the term "hernia, or sprained or strained back".

3. The issue of whether the trial court erred in entering judgment for the full amount of monthly benefits without a reduction to reflect the present value of the benefits which accrued after the complaint was filed was not properly preserved for appeal.

4. The trial court properly denied the plaintiff's motion for 12% interest.

Affirmed.

1. INSURANCE — JUDICIAL CONSTRUCTION.

Any ambiguities in an insurance contract should be liberally construed in favor of the insured and a court's duty is to ascertain the meaning which the insured would reasonably expect.

2. INSURANCE — JUDICIAL CONSTRUCTION — TOTAL DISABILITY PROVISIONS.

The three views relating to the interpretation of total disability provisions in insurance policies are: (1) the extreme view in favor of the insured that total disability exists whenever the insured is unable to perform the duties of his particular occupation; (2) the extreme view in favor of the insurer that total disability exists only when there is incapacity to pursue any occupation whatever; and (3) the intermediate view which regards total disability as a relative term, which rejects both of the two extreme views and which employs differing language to explain the degree of incapacity required to constitute total disability; Michigan cases have followed the intermediate view.

3. COURTS — FINDINGS OF FACT.

A finding of fact by the court in an action tried without a jury will be upheld on appeal unless it was clearly erroneous (GCR 1963, 517.1).

4. INSURANCE — JUDICIAL CONSTRUCTION — EXCLUSIONS.

Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein and, where drafted by the insurer, construed in favor of the insured in order to uphold coverage; the same rule applies to exclusion

provisions in the policy which the insurer has a duty to express clearly.

5. APPEAL — PRESERVING QUESTION.
   Generally, failure to raise an issue at trial precludes appellate consideration of the issue.

6. STATUTES — RETROACTIVITY.
   A statute which has a punitive purpose is never given retroactive effect; a statute will not be applied retroactively unless such a legislative intent is clearly and unequivocally expressed.

*Nelson S. Chase,* for plaintiff.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Arthur J. LeVasseur* and *Edward B. Harrison),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Defendant appeals as of right from a judgment that found it liable to the plaintiff pursuant to a disability contract of insurance. Plaintiff appeals from the denial of his post-judgment motion for 12% interest.

In 1943, plaintiff began working as an automobile mechanic while in the army. Following his discharge, he attended a state college for four years, obtaining a degree in automobile mechanics, painting and bumping. Since 1950, plaintiff has worked as an automobile mechanic, bumper and painter, all of which involve heavy manual labor. On November 6, 1973, plaintiff sustained an injury to his back while he was removing an automobile bumper for repair.

During the year following the accident, plaintiff received various treatments including shots, pain pills, and traction. Finally, based on the results of a myelogram, plaintiff underwent surgery for a

ruptured disc. After the surgery, plaintiff was told by his doctor that he could never go back to any type of work which involved heavy lifting.

On February 4, 1974, the plaintiff made a claim for benefits arising from accidental injury pursuant to a disability insurance policy issued by defendant. The defendant paid $4,800 for total disability resulting from sickness over the 12-month benefit period. The policy provides for a maximum benefit period for disability from sickness of 12 months while the maximum period for total disability due to accident is 5 years. Fourteen days after plaintiff received the twelfth payment from the insurance company, he commenced this action.

Following a bench trial, the court ruled that the plaintiff was totally disabled as a result of accidental bodily injury and that a ruptured disc was not within the "Exceptions and Limitations" provisions of the policy. The trial judge subtracted the $4,800 received by plaintiff from the $24,000 due and awarded a judgment of $19,200.

Defendant first asserts that the trial court erred in deciding that plaintiff was totally disabled under the terms of the insurance policy even though he was, and is, physically qualified to engage in some occupation. The question here involves interpretation of the disability provisions of the insurance policy issued by defendant.

The definition of total disability as used in the policy means "inability of the Insured, because of accidental bodily injuries, or sickness, to engage in any and every gainful occupation for which the Insured is fitted by education, training or experience". The policy language covers "any and every gainful occupation" but the words "any and every gainful occupation" are modified by the clause, and limited to those "for which the insured is

fitted by education, training or experience". Thus, there is an ambiguity in the definition provision as to the meaning of "fitted".

Any ambiguities in insurance contracts are liberally construed in favor of the insured and the court's duty is to ascertain the meaning which the insured would reasonably expect. *Foremost Life Ins Co v Waters,* 88 Mich App 599, 604; 278 NW2d 688 (1979). There exists a continuum of possible interpretations between the two obvious points at which we could say that the plaintiff is or is not totally disabled. At one extreme, total disability exists whenever the insured is unable to perform the duties of his particular occupation. At the other extreme, total disability could exist only when there is incapacity to pursue any occupation whatever. A panel of this Court in *Chalmers v Metropolitan Life Ins Co,* 86 Mich App 25, 31; 272 NW2d 188 (1978), *lv den* 406 Mich 858 (1979), interpreted Michigan cases to follow a view between these two extremes. The *Chalmers* panel labeled this the intermediate view, "which regards total disability as a relative term, which rejects both of the two extreme views and which employs differing language to explain the degree of incapacity required to constitute total disability". We agree that this is the proper view to apply to the facts of this case.

There is considerable evidence of record to indicate that plaintiff is totally disabled from pursuing his former occupation of automobile mechanic, bumper and painter. The record reveals that all education, training and experience accumulated by plaintiff was geared to his preparation for the occupation he has pursued for over 20 years. It is this particular occupation for which plaintiff is fitted.

Defendant argues that although plaintiff is no longer able to do heavy manual work required of automobile mechanics and bumpers, there are many jobs that he is physically capable of doing for which he is fitted by education and experience. Defendant points to the plaintiff's employment after his injury as a teacher's aide in an auto mechanics class and as a claims adjuster for an automobile insurance company.

To hold as defendant contends would be to interpret the policy as affording very limited coverage. We believe that a reasonable expectation of coverage under this policy would not defeat this claim. The panel in *Chalmers* interpreted almost identical language in a similar factual situation to find that an airline pilot was totally disabled within the meaning of the language of the insurance policy.

In the present case, the trial judge said:

"Now, there is evidence before this court that the plaintiff has worked at certain jobs, and I suppose I have had to wrestle with the fact that they may be closely related as it contended by defendant, but this plaintiff has had some army training and has had a technical school training at Savannah [State] College in the field of automobile mechanics and painting and bumping, and it would appear that for some 21 years of his adult life and some 7 years in another job, this is all he has done, which seems very similar to this court to the *Chalmers v Metro Life* situation, where the record revealed that the plaintiff is totally disabled from pursuing his former occupation of airplane pilot.

"Now, of course, I realize, having done some little flying with airplane pilots, not personally flying, I realize that his is a very complex occupation. But, the principle of significant education, training and experience accumulated by the plaintiff here is the same type of a background that Chalmers had, unless one wants to say, well, if you can learn to be an auto mechanic or

a bumper or a painter in a lesser period of time than you can learn to be an airplane pilot, etc., but I don't think that is quite what the Supreme Court is saying. I think the Supreme Court is saying that if all of your significant education, training and experience is geared to preparation for a particular field, I think that is the test.

"I don't feel that the plaintiff here should be forced to sell apples or something else other than what he is trained for in order to come within the total disability provision."

Since his finding of fact was not clearly erroneous, it must be upheld. GCR 1963, 517.1, *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976). We hold, therefore, that under the terms of the insurance policy plaintiff is unable to engage in any and every gainful occupation for which he is fitted by education, training or experience.

Defendant next contends that the trial court erred in determining that a ruptured disc was not a "hernia of any kind, or strained or sprained back". This controversy concerns Part B of the "Exceptions and Limitations" provision of the policy which reads in pertinent part:

"A disability shall not be considered as having resulted from accidental bodily injuries, within the meaning of BENEFIT PROVISION, Part 1, Part 2 and Part 3, if such disability is caused or contributed to by:

* * *

"3. Hernia of any kind, or sprained or strained back."

It is undisputed that the plaintiff had a ruptured disc. Defendant argues that a ruptured disc is a herniated nucleus pulposus or a strained back, both of which come within the exclusionary clause of the policy.

In addressing this issue, we are guided by the

rules of construction to be applied to insurance contracts recently set out by a panel of this Court in *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767, 777; 282 NW2d 472 (1979):

"Insurance policies must be construed in accord with the ordinary and popular sense of the language used therein. * * * Insurance policies drafted by the insurer must also be construed in favor of the insured to uphold coverage. * * * This same rule applies to exclusion provisions in the policy. * * * To be given full effect, an insurer has a duty to clearly express the limitations in its policy * * *. A technical construction of policy language which would defeat a reasonable expectation of coverage is not favored." *Crowell v Federal Life & Casualty Co,* 397 Mich 614, 623; 247 NW2d 503 (1976). (Citations omitted.)

The ordinary interpretation of hernia would be limited to an inguinal hernia, that is, a hernia in the groin region. The language "of any kind" refers to the numerous inguinal hernias that differ only by what organ or part of an organ protrudes through what particular wall or tissue. Defendant urges that the common meaning of hernia is synonymous with rupture. We do not believe that an insured would reasonably expect a hernia exclusion clause to include a ruptured blood vessel, a ruptured appendix or, in this case, a ruptured invertebral discus.

Although the symptoms are similar, we do not believe an ordinary person would say that a back sprain or strain is the same as a ruptured disc. The ordinary interpretation of a back sprain or strain is that condition which causes pain in the back but little medical evidence is available to ascertain cause or indicate treatment. Addressing this issue, the trial judge held:

"I don't think I should have to have a copy of the medical dictionary to find out whether a ruptured disc is the same thing as a sprained or strained back. I really have some problems with that. I think that the average layman, if you stopped 100 people out there, would say that they may not be able to draw the technical distinction between a sprain and a strain, but I don't think any of them would say that it is a ruptured disc."

His finding is not clearly erroneous. Moreover, a technical definition would still permit recovery. A vertebral cervical strain is a minor stretching of the ligaments or tendons with minimal damage. A vertebral cervical sprain is a temporary dislocation that has resulted in a stretching or rupture of ligaments and the anulus fibrosus. *Steadman's Medical Dictionary* (21st ed, 1966). Plaintiff's injury was not minor or temporary. In addition, he had a ruptured nucleus pulposus, not only a ruptured anulus fibrosus, which surrounds the nucleus pulposus. We hold that a ruptured disc is not within the "Exceptions and Limitations" provision.[1]

Lastly, defendant asserts that the trial judge erred in entering judgment for the full amount of monthly benefits without a reduction to reflect the present value of the benefits which accrued after the complaint was filed. The insurance contract provides for benefits to be paid on a monthly basis from the date of the injury. At the time the action was commenced, 38 of the 48 monthly payments had not become due. Defendant argues that plaintiff is entitled to a judgment which accurately reflects the $400 per month benefits at the time the payments became due.

---

[1] This holding is consistent with the unrebutted testimony of plaintiff's expert medical witness who stated that in his opinion a strained or sprained back is not the same as a ruptured disc.

We find that this issue was not properly preserved for appeal. Generally, failure to raise an issue at trial precludes appellate consideration of the issue. *Furstenberg Brothers v Carrollton Twp,* 61 Mich App 230; 232 NW2d 372 (1975). The only mention of the proper determination of damages occurred at the end of defense counsel's closing remarks. He stated:

"As a footnote, I would admit that the plaintiff's claim for damages in the full amount, or the policy benefits, is overstated because the benefits were not due when the suit was brought and there has been no evidence of present values submitted. I submit any benefit could be discounted at value at the time the suit is brought, since under the statute interest would accrue under any judgment which is entered."

Defendant failed to object when the judgment of $19,200 was announced by the trial judge and also when the judgment was entered. No motion for amendment of judgment, GCR 1963, 527.5, or relief from judgment, GCR 1963, 528.3, has been made in the trial court. Under these circumstances, the issue is not preserved.

Seven months after the judgment was entered, plaintiff filed a motion for "determination of interest". Plaintiff alleged that he was entitled to 12% interest on the principal sum for that period of time between the effective date of MCL 500.2006; MSA 24.12006, and the date the judgment was satisfied. The trial court denied the motion and plaintiff's appeal was consolidated with the underlying case.

We find that this issue is controlled by *Fletcher v Aetna Casualty Surety Co,* 80 Mich App 439, 445; 264 NW2d 19 (1978), *aff'd on other grounds*

409 Mich 1; 291 NW2d 191 (1980). In that case, a panel of this Court held:

"The statute referred to by plaintiff is in the nature of a penalty to be assessed against insurers for dilatory practices in settling meritorious claims. That statute was enacted after this controversy arose. Such statutes, having a punitive purpose, are never given retroactive effect. *Shwab v Doyle,* 258 US 529; 42 S Ct 391; 66 L Ed 747 (1922). Further, a statute will not be applied retroactively unless such a legislative intent is clearly and unequivocally expressed. *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967)."

Here, as in *Fletcher,* the action was filed over a year prior to the effective date of the statute. In addition, the controversy arose before the statute was enacted. The trial court properly denied plaintiff's motion for 12% interest.

For the foregoing reasons, the trial court did not err in finding defendant liable or denying plaintiff 12% interest; the judgment is correct as entered.

Affirmed. No costs, neither party having fully prevailed.