KAST v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 57606. Submitted December 14, 1982, at Lansing.—Decided May 3, 1983.

Robert Kast purchased a stolen pickup truck in good faith and insured the truck with the Citizens Mutual Insurance Company. He paid all of the premiums due on the insurance policy. Subsequently, the Michigan State Police confiscated the truck as a stolen vehicle. Citizens denied coverage for the loss of the truck. Kast filed a complaint for a declaratory judgment in Hillsdale Circuit Court alleging that Citizens had wrongly denied liability under its insurance contract. The court, Harvey W. Moes, J., held that the plaintiff's loss was covered by the comprehensive insurance policy because the policy covered all losses except collision and that there had been no theft. The defendant appealed alleging that (1) the trial judge essentially reformed the insurance contract by finding that coverage was provided for loss from confiscation of the stolen vehicle, and (2) coverage should be denied because the plaintiff did not have an insurable interest in the vehicle. *Held:*

1. The trial court correctly interpreted the provision in the insurance contract because the inclusive language of the policy implied that coverage would be granted in every case of damge to, or loss of, the vehicle except collision. An insurer has a duty to clearly express the limitations on coverage in the insurance policy.

2. The issue of whether coverage should be denied because the plaintiff did not have an insurable interest in the vehicle was not preserved for appeal. At the trial, the defendant conceded that whether the plaintiff had an insurable interest was not at issue in the case and was not the reason for defendant's denial of coverage.

.Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 43 Am Jur 2d, Insurance § 291.
[2] 43 Am Jur 2d, Insurance § 269 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 760 *et seq.*

1. INSURANCE — LIMITATIONS ON COVERAGE.

    An insurer has a duty to clearly express the limitations on coverage in an insurance policy.

2. INSURANCE — JUDICIAL CONSTRUCTION — INTERPRETATION OF INSURANCE POLICIES.

    Insurance policies drafted by an insurer must be construed in favor of the insured to uphold coverage; the policy should be analyzed according to the ordinary meaning of the language used therein.

3. INSURANCE — LIMITATIONS ON COVERAGE.

    An insurer is under no duty to specify in the policy of insurance every conceivable fact situation where coverage will not be provided but should state a general class of risks which are covered to avoid ambiguity.

4. APPEAL — PRESERVING QUESTION — CONCESSIONS BY COUNSEL.

    An appellate court may not treat an issue as if it were open for consideration where it has been eliminated by counsel through concession.

*Gibbons & Gibbons* (by *Charles G. Gibbons*), for plaintiff.

*Parker & Hayes, P.C.* (by *Michael E. Menkes*), for defendant.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

P. J. MARUTIAK. Plaintiff, Robert Kast, filed a complaint for declaratory judgment on May 20, 1980, alleging that defendant, Citizens Mutual Insurance Company, had wrongly denied liability on its insurance contract with plaintiff. Plaintiff alleged that defendant had insured plaintiff's Chevrolet pickup truck, which was later confiscated by the Michigan State Police as a stolen vehicle, and that the insurance policy covered loss

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by theft. Plaintiff was a good faith purchaser of the truck for value and held a title issued on February 21, 1979. He had paid all premiums due on the insurance policy.

The insurance policy provided under coverage A, "Automobile Comprehensive" that defendant agreed:

"To pay for loss to the owned Automobile, except loss by collision, but including breakage of glass and loss caused by missiles, falling objects, direct contact with animals or birds, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion. The deductible amount, if shown in the Declarations, applies to each loss."

"Loss" is defined in the insurance policy as "direct and accidental loss of or damage to * * * the Automobile". An "owned automobile" is defined as "the vehicle described in the declarations".

The trial judge found that plaintiff was covered by the comprehensive provision, quoted above, because that section covered all losses except collision. He held that there had been no theft.

On appeal, defendant argues that the trial judge essentially reformed the insurance contract by finding that coverage was provided for loss from confiscation of the stolen vehicle. We disagree.

An insurer has a duty to clearly express the limitations on coverage in the insurance policy. *Vigilant Ins Co v Kambly,* 114 Mich App 683; 319 NW2d 382 (1982). The policy should be analyzed according to the ordinary meaning of the language used therein. *Herring v Golden State Mutual Life Ins Co,* 114 Mich App 148; 318 NW2d 641 (1982). Any ambiguity in an insurance policy drafted by the insurer is to be construed in favor of the

insured in order to uphold coverage. *Kambly, supra; Herring, supra.*

The only explicit exclusion in plaintiff's insurance policy was for "loss by collision". Although "an insurer is under no duty to specify every conceivable fact situation where coverage will not be provided", the method which it should use to avoid ambiguity is to state "a general class of risks which are covered". *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526, 528; 280 NW2d 583 (1979), *lv den* 406 Mich 1014 (1979). The trial court correctly interpreted the provision in the insurance contract. The inclusive language implied that coverage would be granted in every case of damage to, or loss of, the vehicle except collision.

We note that in two very similar cases, Illinois intermediate appellate courts have reached the same result. In both *Blaylock v County Mutual Ins Co,* 85 Ill App 3d 1042; 41 Ill Dec 351; 407 NE2d 849 (1980), and *Reznick v Home Ins Co,* 45 Ill App 3d 1058; 4 Ill Dec 525; 360 NE2d 461 (1977), the insured was a bona fide purchaser for value of a stolen vehicle which was later confiscated by the authorities. Each plaintiff had comprehensive insurance covering losses except collision. In *Reznick, supra,* p 1062, the court held that coverage should be allowed because:

"anyone purchasing the comprehensive coverage offered by this policy would be justified in a belief that any loss except a loss by collision or any other specific exception made in the policy, would be covered by the comprehensive provision."

We agree with the Illinois court's reasoning.

Defendant also argues that coverage should be denied because plaintiff did not have an insurable

interest in the vehicle. This issue has not been preserved for appeal. In its trial brief, defendant specifically stated that whether plaintiff had an insurable interest was not at issue in this case and was not the reason for defendant's denial of coverage. An issue conceded by a party below may not be treated by this Court as open for review. *Ass'n of Hebrew Teachers v Jewish Welfare Federation,* 62 Mich App 54; 233 NW2d 184 (1975).

Affirmed.