REURINK BROTHERS STAR SILO, INC v MARYLAND CASUALTY
COMPANY

Docket No. 64975. Submitted August 3, 1983, at Grand Rapids.—
Decided December 19, 1983.

Plaintiff, Reurink Brothers Star Silo, Inc., contracted to construct a silo on the farm of Clare and Berniece Feldpausch. The Feldpausches thereafter brought a suit against the plaintiffs alleging damages caused by plaintiff's alleged breach of contract and negligence in such construction. The plaintiff then demanded coverage and defense of that lawsuit from the defendant, Maryland Casualty Company, its insurer. The defendant refused coverage and also refused to provide a defense to the lawsuit. Plaintiff then filed this action against defendant in the Allegan Circuit Court seeking a declaratory judgment that the Feldpausches' claims against it were covered by its insurance policy with defendant and that defendant was required under the provisions of that policy to provide plaintiff a defense to the Feldpausches' suit. Plaintiff also sought reimbursement for its legal expenses incurred in the defense of the Feldpausches' suit resulting from defendant's failure to provide a defense. The trial court, George R. Corsiglia, J., issued an order denying plaintiff's and granting defendant's claims for summary judgment. The court held that none of the claims asserted against the plaintiff by the Feldpausches were covered by the insurance policy issued by the defendant. Plaintiff appeals. *Held:*

1. The trial court erred in holding that none of the Feldpausches' claims against plaintiff were arguably covered by plaintiff's insurance policy issued by defendant.

2. Many of the claims contained in the Feldpausches' amended complaint arguably come within the policy coverage and are not excluded by the insurance policy as contended by

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 44 Am Jur 2d, Insurance § 1405 *et seq.*
    Liability insurer's duty to defend as including injunction proceedings. 53 ALR2d 1132.
[5, 6] 43 Am Jur 2d, Insurance § 283 *et seq.*
    44 Am Jur 2d, Insurance § 1408.

the defendant. Therefore, defendant had a duty to provide a defense for plaintiff against all of the Feldpausches' claims.

3. The order granting defendant's motion for summary judgment is reversed. The trial court shall enter a summary judgment for plaintiff requiring defendant to provide a defense for plaintiff and to compensate plaintiff for legal expenses incurred as a result of defendant's refusal to provide a defense.

Reversed and remanded for proceedings consistent with the opinion.

1. INSURANCE — DUTY TO DEFEND.

The duty of an insurance company to provide a defense to a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial.

2. INSURANCE — DUTY TO DEFEND.

An insurer has a duty to defend despite theories of liability asserted against any insured which are not covered under the policy if there are any theories of recovery that fall within the policy; this duty to defend cannot be limited by the precise language of the pleadings, and the insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible.

3. INSURANCE — DUTY TO DEFEND.

The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his action against the insured and may extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured are even arguably within the policy coverage.

4. INSURANCE — DUTY TO DEFEND — LIABILITY OF INSURER — COMPLAINTS.

Any doubt as to whether or not a complaint against an insured alleges a liability of the insurer to defend under the policy must be resolved in the insured's favor.

5. INSURANCE — CONSTRUCTION OF CONTRACT.

Any doubts as to the meaning of terms of an insurance contract are to be resolved against the insurer and in favor of the insured.

6. INSURANCE — CONSTRUCTION OF CONTRACT — EXCLUSIONARY CLAUSES.

Exclusionary clauses contained in insurance policies are to be strictly construed against the insurer.

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Constance J. Grzanka*), for defendant.

Before: V. J. Brennan, P.J., and Shepherd and E. A. Quinnell,* JJ.

Shepherd, J. Plaintiff sought a declaratory judgment that its potential liability to a third party was covered by an insurance policy issued to plaintiff by defendant and that defendant was contractually bound to defend the plaintiff in a suit against plaintiff filed by the third party. Plaintiff also sought reimbursement for legal defense costs already incurred. Both plaintiff and defendant moved for summary judgment on stipulated facts. In its order of May 24, 1982, the trial court granted defendant's motion and denied plaintiff's motion. Plaintiff appeals as of right.

In May, 1974, plaintiff contracted to construct a silo containing a bottom-end unloader-feeder on the farm of Clare and Berniece Feldpausch. On September 25, 1979, the Feldpausches brought suit against plaintiff, alleging damages caused by plaintiff's breach of contract and negligence. An amended complaint based on the same causes of action was filed on March 31, 1981.

Subsequent to the initiation of the suit against it by the Feldpausches, plaintiff demanded coverage and defense of that lawsuit from defendant, its insurer. Defendant refused coverage and also refused to provide a defense to the lawsuit. Plaintiff then filed this action against defendant seeking a declaratory judgment that the Feldpausches' claims against it were covered by its insurance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

policy with defendant and that defendant was required under the provisions of that policy to provide plaintiff a defense to the Feldpausches' suit. Plaintiff also sought reimbursement for its legal expenses incurred in the defense of the Feldpausches' suit resulting from defendant's failure to provide a defense.

On May 24, 1982, the trial court issued an order denying plaintiff's and granting defendant's motion for summary judgment. In its opinion of May 7, 1982, the trial court held that none of the claims asserted against plaintiff by the Feldpausches were covered by the insurance policy issued by the defendant.

On appeal, plaintiff contends that the trial court erred in concluding that the Feldpausches' claims were clearly excluded from coverage under the terms of the policy. We agree with plaintiff.

The duty of an insurance company to provide a defense to a lawsuit brought against its insured is separate and severable from its duty to indemnify the insured for liability imposed after trial. *Dochod v Central Mutual Ins Co,* 81 Mich App 63, 67; 264 NW2d 122 (1978). Furthermore, it is not necessary that all claims which are brought against the insured in the suit be covered by the policy. If there are any theories of recovery that fall within the policy, the insurer owes a duty to defend the suit. *Dochod, supra,* p 67. As was said in *Space Conditioning, Inc v Ins Co of North America,* 294 F Supp 1290, 1293 (ED Mich, 1968):

"The insurer is under a duty to defend if the complaint alleges facts constituting a cause of action within the insurance coverage, even if other facts constituting causes of action not covered by the policy are also alleged."

The rule regarding an insurer's duty to defend was elaborated on by this Court in *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980):

> "The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch, Insurance, 2d, § 51:45, p 538." (Emphasis in original.)

In the instant case, both parties moved for summary judgment pursuant to GCR 1963, 117.2(3). Neither party now contends that a material issue of fact exists. This appeal is based solely on the question of whether the trial court erred as a matter of law in holding that none of the Feldpausches' claims against plaintiff were arguably covered by plaintiff's insurance policy issued by defendant.

Defendant does not contend that the Feldpausches' claims do not fall within the general coverage provisions of the policy. Rather, it claims

that they are clearly excluded from coverage by exclusion (m) of the policy which reads as follows:

"This insurance does not apply: * * * (m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
"(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
"(2) the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;
"but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured; * * *."

The relevant portions of the Feldpausches' amended complaint are contained in Count I, sections II, III, and IV. Sections II and III allege that plaintiff breached its contract with the Feldpausches and that plaintiff was negligent in the installation of the bottom-end unloader system. Section IV alleges, in six numbered paragraphs, the damages the Feldpausches allegedly sustained "as a result of [instant plaintiff's] negligence in this matter".

"1. Additional cost to feed his dairy herd during the time the silo was inoperable and while it was being replaced at [Feldpausches'] cost by another functional system.
"2. Approximately 1000 hours of [Feldpausches'] own labor to attempt to get the unloader system working sufficiently to take out enough material from the silo to feed his cattle.

"3. Increased labor costs of harvesting crops due to [Feldpausches'] time spent on attempting to fix the unloader. * * *.

"4. Numerous repair bills paid to [Reurink Brothers] for several electrical motors that burnt out, several broken gear boxes, several sprockets, numerous chains and other miscellaneous equipment all traceable to the negligent installation of the unloading system by [Reurink Brothers].

"5. [Feldpausches] also sustained the cost of installing a new silo unloading system, one that is functional, however, to install this system it necessitated cutting several 'doors' in the bottom of [Feldpausches'] silo thereby causing [Feldpausches'] silo to become unsealed. [Feldpausches] had paid [Reurink Brothers] to install a . sealed silo at greater expense.

"6. That [Reurink Brothers] represented to [Feldpausch] he would need to run his unloading system only 15-20 minutes to get out enough material to feed his entire herd of 100 dairy cows. In fact to get enough food out to feed his herd [Feldpausch] was required to keep the unloading system in operation 4 to 5 hours long. Thereby increasing his electrical costs substantially."

The threshold question in determining whether exclusion (m) applies is whether there was a "loss of use of tangible property which has not been physically injured or destroyed". If the Feldpausches seek compensation for losses of use of tangible property which has not been physically injured or destroyed, coverage is excluded under exclusion (m). Plaintiff argues that none of the damage claims involve the loss of use of any property, tangible or intangible, and that some claims for damages involve physical injury or destruction to property.

While none of the actual injuries alleged by the Feldpausches is specifically labeled the "loss of use" of some property, we decline to read the complaint so narrowly as to find that there are no

"loss of use" claims. Some of the claimed injuries clearly seek compensation for physical damage to tangible property, including: paragraph four, claiming numerous repair bills for equipment and burned-out motors, and paragraph five, which claimed that it was necessary to cut doors in the silo. Since exclusion (m) only denies coverage to claims for loss of use of tangible property which has not been physically injured or destroyed, the exclusion does not apply to damages to equipment set forth in paragraph four or those to the silo in paragraph five.

Defendant argues that it is not the nature of the injuries or damages themselves which determine whether the exclusion applies but the nature of the Feldpausches' claims, *i.e.,* breach of contract and negligence. These types of claims, defendant contends, are excluded from coverage under exclusion (m)(1) and (2). We cannot agree. Clauses (1) and (2) are applied only after it has first been determined that the claim is one for the loss of use of tangible property which has not been damaged or destroyed. Thus, the nature of the claim for damages must be examined before considering the applicability of the two clauses. While defendant may have intended, by the inclusion of exclusion (m) in its insurance contract, to exclude coverage for all losses attributable to an insured's breach of a performance contract or its negligence in performing its work, defendant's intent is not made clear in the wording of the insurance policy.

Had this in fact been the goal of defendant, the policy could have included clear language to that effect. Where there is a dispute over the meaning of the terms of an insurance contract, any doubts are to be resolved against the insurer in favor of the insured. Exclusionary clauses in insurance

policies are to be strictly construed against the insurer. See *Shepard Marine Construction Co, supra,* p 64.

As discussed above, many of the claims contained in the Feldpausches' amended complaint arguably come within the policy coverage because they are not excluded by the language of exclusion (m) for the reason that some of the claims relate to loss of use of tangible personal property which was destroyed in whole or in part. Therefore, defendant had a duty to provide a defense for plaintiff against all of the Feldpausches' claims. *Detroit Edison Co, supra.* For these reasons, the order of the trial court granting defendant's motion for summary judgment is reversed. The trial court shall enter summary judgment for plaintiff requiring defendant to provide a defense for plaintiff and to compensate plaintiff for legal expenses incurred as a result of defendant's refusal to provide that defense.

We do not decide here that all of the claims raised by the Feldpausches are covered by the insurance policy issued by defendant. The stipulated facts, *i.e.,* the contents of the Feldpausches' complaints and the insurance policy, do not provide a sufficient factual basis for determining whether these claims are in fact covered by the policy in question, and summary judgment on that issue would therefore be inappropriate. We simply decide that not all of the claims fall within the terms of exclusion (m) and defendant is therefore required to defend plaintiff against all of the Feldpausches' claims. The question of whether defendant is obligated to pay any of the claims is best left for determination after trial of the Feldpausches' case. If the Feldpausches are successful, the issue of whether defendant is obligated to pay

the claims will be determined by the theory or theories upon which the Feldpausches prevail.

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.

We retain no further jurisdiction.