ILLINOIS EMPLOYERS INSURANCE OF WAUSAU v DRAGOVICH

Docket No. 73653. Submitted June 19, 1984, at Detroit.—Decided
    October 26, 1984.

> Davin B. Virta filed suit against Rubin Dragovich, doing business
> as The Main Act, in Oakland Circuit Court alleging that he
> was injured as a result of being pushed or physically assaulted
> by the employees, agents, or servants of Dragovich and that
> Dragovich was negligent in failing to maintain his premises in
> a safe manner and in failing to train and supervise his employ-
> ees. Dragovich notified his insurer, Illinois Employers Insur-
> ance of Wausau, of the suit and the insurer undertook Drago-
> vich's defense under an express reservation of rights. Illinois
> Employers subsequently filed suit against Rubin Dragovich,
> doing business as Carmen's of Roseville, The Main Act, and
> Roseville Lanes and against Davin B. Virta in Macomb Circuit
> Court seeking a declaratory judgment that it had. no duty to
> defend Dragovich in the action brought by Virta. The Macomb
> Circuit Court, James C. Daner, J., granted Illinois Employers'
> motion for summary judgment, holding that the allegations
> against Dragovich in the Virta complaint came within a policy
> exclusion stating that the insurance did not apply to bodily
> injury or property damage arising out of an assault or battery
> committed by an insured or by an employee or agent of the
> insured. Dragovich appeals. *Held:*
>
> The trial court correctly determined that the exclusion in the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 44 Am Jur 2d, Insurance §§ 1405, 1408 *et seq.*
    Allegations in third person's action against insured as determining
    liability insurer's duty to defend. 50 ALR2d 458.
    Consequences of liability insurer's refusal to assume defense of
    action against insured upon ground that claim upon which action
    is based in not within coverage of policy. 49 ALR2d 694.
[3, 6] 43 Am Jur 2d, Insurance § 269.
    44 Am Jur 2d, Insurance § 1408.
[4, 6] 43 Am Jur 2d, Insurance § 271.
[5, 7, 8] 43 Am Jur 2d, Insurance § 291.
[8] 6 Am Jur 2d, Assault and Battery § 131.
    22 Am Jur 2d, Declaratory Judgments § 93.
    62 Am Jur 2d, Premises Liability § 62 *et seq.*

insurance policy was applicable. The language of the exclusion clearly and unambiguously excluded coverage where bodily injury or property damage arose out of an assault or battery. Virta's injuries were the result of an assault.

Affirmed.

WAHLS, J. dissented. He would hold that the granting of summary judgment prior to the completion of discovery was inappropriate because it could not be determined whether facts existed which would tend to establish a causal nexus between Dragovich's conduct and Virta's injury. He would reverse the grant of summary judgment and remand for further proceedings.

### OPINION OF THE COURT

1. INSURANCE — DUTY TO DEFEND — DUTY TO PROVIDE COVERAGE.

The duty of an insurer to defend its insured is dependent upon the allegations in the complaint filed by a third party against the insured; the duty to defend and the duty to provide coverage are not synonymous.

2. INSURANCE — DUTY TO DEFEND.

An insurer's duty to defend extends to those cases where the allegations in a complaint filed against the insured even arguably come within the policy coverage.

3. INSURANCE — DUTY TO DEFEND — COMPLAINTS.

Any doubt as to whether or not a complaint against an insured alleges a liability of the insurer to defend under the policy must be resolved in the insured's favor.

4. INSURANCE — JUDICIAL CONSTRUCTION — CLEAR AND UNAMBIGUOUS LANGUAGE.

Clear and unambiguous language in an insurance policy will be enforced as written; courts will not interpret or rewrite the parties' contract.

5. INSURANCE — LIMITATIONS ON COVERAGE — EXCLUSIONS FROM COVERAGE.

An insurer has the duty to clearly express the limitations on and exclusions from coverage in its policy.

6. INSURANCE — JUDICIAL CONSTRUCTION — AMBIGUITIES.

Courts, in analyzing insurance policies according to the ordinary meaning of the language used, will construe any ambiguity in favor of the insured to allow for coverage.

7. INSURANCE — EXCLUSIONS FROM COVERAGE.

Clear and specific exclusions in an insurance policy must be given

effect; an insurance company may not be held liable for a risk it did not assume.

Dissent by Wahls, J.

8. Judgments — Summary Judgment — Declaratory Relief.

*It was inappropriate for a trial court, prior to the completion of discovery, to grant a summary judgment of declaratory relief in favor of an insurer to the effect that, under a policy exclusion excluding coverage for injury or damage arising out of an assault or battery, the insurer had no duty to defend its insured against a negligence action in which it was alleged that the insured was negligent in failing to maintain his premises in a safe manner and in failing to train and supervise his employees and that the victim was injured as a result of a physical assault by the employees, agents, or servants of the insured where it could not be determined whether there were facts tending to establish a causal nexus between the insured's conduct and the plaintiff's injury (GCR 1963, 117.2[2]).*

*Harvey, Kruse, Westen & Milan, P.C.* (by *Paul S. Koczkur*), for plaintiff.

*Irving D. Robinson,* for defendant.

Before: Allen, P.J., and Wahls and M. War-shawsky,* JJ.

Per Curiam. In April, 1982, plaintiff filed a declaratory action seeking a determination that it was not obligated to provide coverage to or defend its insured, Rubin Dragovich, in an action filed by a third party, Davin Virta, against defendant. Plaintiff's motion for summary judgment, GCR 1963, 117.2(2), was granted by the trial court on the grounds that plaintiff had no duty to defendant because the allegations of Virta in the underlying suit fell within a policy exclusion and that the delay in notifying plaintiff was unreasonable under the policy. Defendant appeals from the August 18, 1983, order as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

Davin Virta filed suit against defendant in July of 1981 claiming that he was injured in October, 1980, on premises owned by defendant. Virta alleged that defendant was "negligent and/or grossly negligent" in failing to maintain his premises in a safe manner and in failing to train and supervise his employees. He alleged that, as a direct result of that negligence, he was "sprayed with a gas ejecting device" and was "struck, pushed or physically assaulted by the employees, agents or servants" of defendant. Defendant notified plaintiff insurance company of the Virta suit sometime in August, 1981. Thereafter, plaintiff undertook the defense in the Virta action under an express reservation of rights.

In April, 1982, plaintiff commenced this declaratory action claiming that endorsement number three of the general liability policy excluded coverage for damage arising out of an assault or battery and that defendant failed to give notice of this occurrence within a reasonable time. In its answer, defendant denied that the Virta complaint was premised upon an assault or battery and averred that the complaint was based on negligence and further denied that notice was not within a reasonable time and that plaintiff had been prejudiced thereby. No affirmative defenses were raised by defendant. The status of the Virta suit is unknown.

In granting plaintiff's motion for summary judgment, the court held that plaintiff had no duty to defend or provide coverage to defendant finding that the allegations of the Virta complaint fell within the policy exclusion. The relevant language of the policy provides:

"Assault & Battery Exclusion:
"In consideration of the premium charged, it is

agreed that this insurance does not apply to bodily injury or property damage arising out of an assault or battery, provoked or unprovoked, committed by an insured or by an employee or agent of the insured."

The duty of an insurance company to defend its insured is dependent upon the allegations in the complaint filed by a third party against the insured; the duty to defend and the duty to provide coverage are not synonymous. *Iacobelli Construction Co, Inc v Western Casualty & Surety Co,* 130 Mich App 255; 343 NW2d 517 (1983); *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139; 345 NW2d 659 (1983). The duty to defend extends to those cases where the allegations in the complaint filed against the insured *"even arguably* come within the policy coverage". *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 142; 301 NW2d 832 (1980). (Emphasis in original.) Any doubt as to the extent of coverage is to be resolved in the insured's favor. 14 Couch, Insurance 2d, § 51:45, p 538; *Detroit Edison, supra.*

It is equally true that clear and unambiguous language in an insurance policy will be enforced as written; courts will not interpret or rewrite the parties' contract. *Usher v St Paul Fire & Marine Ins Co,* 126 Mich App 443; 337 NW2d 351 (1983). The insurer has the duty to clearly express the limitations on and exclusions from coverage in the policy. *Kast v Citizens Mutual Ins Co,* 125 Mich App 309; 336 NW2d 18 (1983). Analyzing the policy according to the ordinary meaning of the language used, any ambiguity will be construed in favor of the insured to allow for coverage. *Herring v Golden State Mutual Life Ins Co,* 114 Mich App 148; 318 NW2d 641 (1982).

Based on the foregoing principles, we find that summary judgment was properly granted and that

the trial court correctly determined that the exclusion in the insurance policy was applicable. The language of the exclusion is clear and unambiguous in its application: coverage does not extend to *bodily injury or property damage arising out of an assault or battery.* Irrespective of the label accorded his claim, it is clear that Virta is seeking damages for the injuries he sustained when he was "struck, pushed or physically assaulted" by employees or agents of defendant. Virta's injuries were the result of the assault an, as such, are not included within the coverage afforded under the insurance policy at issue. Regardless of the label, be it negligence or intentional tort, plaintiff owed no duty to defend where the bodily injury arose out of an assault or battery. In the present case, it is necessary to focus on the basis for the injury and not the nomenclature of the underlying claim in order to determine whether coverage exists. Inasmuch as the insurer must look beyond the precise wording of the allegations in a third party's complaint against its insured to determine whether coverage is possible, so must the allegations be examined to determine the substance, as opposed to the mere form, of the complaint. See, *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976).

In the present case, the exclusion provided that bodily injury or property damage, as opposed to claims arising out of an assault or battery, were excluded from coverage. It is elementary that an insurance company may limit the risks that it is willing to assume and adjust its premiums accordingly. *Lehr v Professional Underwriters,* 296 Mich 693; 296 NW 843 (1941); *Scanlon v Western Fire Ins Co,* 4 Mich App 234; 144 NW2d 677 (1966); *Usher, supra.* Clear and specific exclusions must be given effect; an insurance company may not be

held liable for a risk it did not assume. *Kaczmarck v LaPerriere,* 337 Mich 500; 60 NW2d 327 (1953). Plaintiff clearly limited its liability under the policy provision at issue, and we cannot alter or rewrite the parties' contract.

Affirmed.

WAHLS, J. *(dissenting).* On the record before us, I cannot determine whether Virta simply labeled his claim as a negligence count to avoid the assault or battery exclusions of the insurance contract or whether some facts are available which tend to establish a causal nexus between the employer's conduct and Virta's injury. Therefore, summary judgment of declaratory relief for the insurer under GCR 1963, 117.2(2) is inappropriate, and I must dissent.

Language similar to that employed in the insurance exclusion at issue here has been interpreted by the federal courts under the assault and battery exception to the general waiver of sovereign immunity found in the Federal Tort Claims Act, 28 USC 2680(h). See *Collins v United States,* 259 F Supp 363 (ED P, 1966); *Gibson v United States,* 457 F2d 1391 (CA 3, 1972); and *Liuzzo v United States,* 508 F Supp 923 (ED Mich, 1981). Although these cases reach conflicting results, the ability of a plaintiff to come forward with factual allegations which show a substantial nexus between government negligence and the injury sustained emerges as the paramount concern for determination of liability. Where the inference of negligence is strong, the courts are more reluctant to find that the injury arises out of the assault or battery. I would employ this rationale in the case *sub judice.*

Federal decisions are persuasive but not binding upon this Court for purposes of interpreting Michigan law. *Knight v City of Tecumseh,* 63 Mich App

215, 219; 234 NW2d 457 (1975). There are reasons for caution in assessing the value of these cases for guidance in resolving the instant appeal. The federal law in question excepts a narrow area of potential government liability from the general waiver of sovereign immunity, and reflects a congressional directive which should be precisely followed. *Builders Corp of America v United States,* 320 F2d 425 (CA 9, 1963), *cert den* 376 US 906; 84 S Ct 660; 11 L Ed 2d 606 (1964). While the benefit of the doubt goes to the government in the federal cases, it goes to the insured in the case at bar. The majority opinion sets forth the duty of the insurer to clearly express the limitations on and exclusions from coverage and also sets forth the principle that any ambiguity will be resolved in favor of coverage. Since this is also a duty to defend case, the insurer carries the additional burden of showing that the allegations in Virta's complaint do not even arguably come within the policy coverage.

The negligence theory presented here, failure to train and supervise employees, is not excluded from coverage by the policy. In order to prevail, Virta must prove negligence in the conduct and business practices of the *employer* in addition to proving the resulting injury by an assault or battery. Since Virta's ability to show that his injuries arose out of employer negligence cannot be ascertained until discovery has been completed, the insurer should defend until it can convince the trial court that the negligence claim lacks enough vitality to survive the assault or battery exclusion. At that time, a motion for summary judgment under GCR 1963, 117.2(3) would be appropriate.

The majority analysis would be more convincing if the issue were policy coverage rather than duty to defend the claim. Where the ability of a party

to prove negligence necessarily turns on facts in the control of an adversary, considerations of fairness require that an insurer with potential liability defend the claim through the discovery process. Summary judgment is inappropriate where an insufficient factual basis exists to decide whether claims are in fact covered by the policy in question. *Reurink Bros Star Silo, Inc v Maryland Casualty Co,* 131 Mich App 139, 147; 345 NW2d 659 (1983).

The order granting summary judgment should be reversed and the case remanded for further proceedings.