38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ESSEX INSURANCE COMPANY, Plaintiff-Appellee, Cross-Appellant,
v.
MICHIGAN SKATELANDS, INC., d/b/a Royal Skateland,
Defendant-Appellant, Cross-Appellee.
 Nos. 93-2132, 93-2145.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: CONTIE, MILBURN, and DAUGHTREY.
 PER CURIAM.
 
 
 1
 Essex Insurance Company filed this declaratory judgment action against its insured, Michigan Skatelands, Inc. The district court found in favor of Essex Insurance. We affirm.
 
 I.
 
 2
 Defendant-appellant cross-appellee Michigan Skatelands owns a skating rink in Wayne County, Michigan, known as Royal Skateland. Plaintiff-appellee cross-appellant Essex Insurance issued Michigan Skatelands a comprehensive general liability insurance policy providing coverage from February 1, 1991 through February 1, 1992 (the "Policy").
 
 
 3
 On November 16, 1991, Antonio Harris and Anthony Evans entered Royal Skateland with firearms and assaulted numerous patrons. Three injured patrons (Mark McQueen, Elaine Shockley and Cynthia Billings) subsequently sued Michigan Skatelands claiming premises liability, breach of contract and fraud.
 
 The Policy provides (in relevant part):
 
 4
 The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
 
 A. bodily injury or
 B. property damage
 
 5
 to which this insurance applies, caused by an occurrence
 
 
 6
 ....
 
 
 7
 Joint Appendix at 19. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Id. at 16.
 
 
 8
 The Policy also contains two relevant exclusions. The "Assault and Battery" exclusion provides: "It is agreed this policy does not cover any claims arising out of Assault and Battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, Insured's employees, patrons or any other person." Id. at 21. The "Criminal Acts" exclusion provides: "It is agreed this policy does not cover any claim arising out of or contributed to by the criminal, fraudulent, dishonest or malicious act or omission of the Insured, any employee of the Insured or anyone for whom the Insured may be held liable." Id. at 22.
 
 
 9
 Essex Insurance maintains that it need not defend Michigan Skatelands in the underlying litigation and need not indemnify Michigan Skatelands for any judgments awarded to the injured patrons because the patrons asserted claims falling within the "Assault and Battery" and "Criminal Acts" exclusions of the Policy. Alternatively, Essex Insurance argues that the underlying criminal conduct did not constitute an "occurrence" under the Policy.
 
 
 10
 On July 23, 1993, the district court granted Essex Insurance summary judgment:
 
 
 11
 Essex maintains that the shooting was intentional and not an "occurrence" as contemplated under the Policy. However, the Policy defines an "occurrence" as an "accident ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured. " ...
 
 
 12
 In this case, neither Skatelands nor its employees or agents committed the acts that have been identified by Essex as being intentional. The shootings by Harris and Evans were not anticipated or reasonably expected by Skatelands. Therefore, this Court concludes that the assaultive conduct by Harris and Evans in November 1991 constituted an "occurrence," as defined under the Policy and coverage applies unless there is an exclusion that bars recovery.
 
 
 13
 ....
 
 
 14
 Skatelands alleges that the assault and battery exclusion clause is ambiguous because of the disjunctive word "or" that was used between the words, "act" and "omission." ... The Court may not create an ambiguity where none exists but must enforce the terms of the contract as written.... The interpretation offered by Skatelands does not allow for a fair reading of the assault and battery exclusion....
 
 
 15
 ....
 
 
 16
 Skatelands makes no argument against the meaning of the second clause of the assault and battery provision that excludes any claim arising "out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, Insured's employees, patrons or any other person" from coverage. The underlying suits against Skatelands are for negligence, breach of contract and fraud, stemming from its alleged failure to maintain safe and secure premises. This alleged failure by Skatelands can be categorized as an omission that could have prevented the assault and battery committed by Harris and Evans. As such, the claims against Skatelands are excluded by the language "or omission in connection with the prevention ... of such acts ... caused by ... the Insured."
 
 
 17
 In summary, the actions of Harris and Evans constitute an "occurrence" as defined by the Policy under which Essex ordinarily has a duty to defend and to indemnify Skatelands in the state court lawsuits. However, Essex is excused from any such duty under the assault and battery exclusion in the Policy.
 
 
 18
 District Court's July 23, 1993 Order at 7-18 (citations and footnotes omitted) (emphasis in original).
 
 
 19
 Michigan Skatelands timely appealed. Essex Insurance timely cross-appealed.
 
 II.
 Standard of Review
 
 20
 Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review a district court's grant of summary judgment de novo. Pinney Dock & Transp. Co. v. Penn. Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). The dispute must be genuine and the facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the nonmoving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987). If the disputed evidence "is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).
 
 Assault and Battery Exclusion
 
 21
 "The first step in determining if an insurance policy applies is to determine whether the policy is clear and unambiguous on its face." Group Ins. Co. of Mich. v. Czopek, 440 Mich. 590, 595 (1992). "[C]lear and unambiguous language in an insurance policy will be enforced as written; courts will not interpret or rewrite the parties' contract." Illinois Employers Ins. v. Dragovich, 139 Mich.App. 502, 506 (1984). "If an ambiguity exists, the policy must be construed in favor of the insured." Czopek, 440 Mich. at 595 (citation omitted).
 
 
 22
 Michigan Skatelands claims that the Assault and Battery exclusion is ambiguous. The district court rejected Michigan Skatelands' reading of the exclusion. We agree with the district court because the Policy's Assault and Battery exclusion expressly and unambiguously denies coverage for any claim arising out of an assault and battery, and acts or omissions in connection with the prevention or suppression of an assault and battery. Though Michigan Skatelands characterizes the three underlying claims against it as breach of contract and negligence claims, the underlying claims clearly arose out of tortious conduct. See Dragovich, 139 Mich.App. at 507 ("[I]t is necessary to focus on the basis for the injury and not the nomenclature of the underlying claim in order to determine whether coverage exists."). Accordingly, we find that the Policy's Assault and Battery exclusion precludes coverage.[1]
 
 
 23
 We AFFIRM.
 
 
 
 [1]
 Because the Policy's Assault and Battery exclusion precludes coverage, we need not resolve the remaining issues (regarding the applicability of the Criminal Acts exclusion and the Policy's definition of an "occurrence.")