MUSCAT v LAWYERS TITLE INSURANCE CORPORATION

Docket No. 68442. Submitted February 22, 1984, at Detroit.—Decided June 4, 1984.

Victor J. Muscat entered into a land contract in 1967 to purchase certain property from Theodore M. David. David obtained title insurance for the property from Lawyers Title Insurance Corporation with Muscat as the beneficiary. In 1977, the deed for the property was conveyed to Muscat. In 1981, Muscat became aware of a survey prepared by some municipal engineers revealing that part of a building on the property purchased by Muscat extended beyond the boundary line of Muscat's property, encroaching upon the Novi Road right-of-way of the Oakland County Road Commission. Muscat filed suit against Lawyers Title Insurance Corporation, Theodore David, and the Oakland County Road Commission in Oakland Circuit Court seeking a declaratory judgment that Lawyers Title was liable for damages in connection with the encroaching building. Lawyers Title moved for summary judgment, apparently on the ground that there was no genuine issue of material fact and that Lawyers Title was entitled to judgment as a matter of law. Lawyers Title premised its motion on the fact that the policy of title insurance contained an exclusion from coverage for any matters which would be disclosed by an accurate survey. The trial court, Frederick C. Ziem, J., granted Lawyers Title's motion for summary judgment. Plaintiff appeals. *Held:*

1. Summary judgment for Lawyers Title was properly granted since there was no genuine issue that the exclusion applied so as to exempt Lawyers Title from any liability to plaintiff in connection with the encroaching building. There was no dispute that the survey of the municipal engineers was accurate and in accordance with the description of the insured property in the insurance policy.

2. Plaintiff's contentions that the exception in the insurance policy should be deemed unenforceable as against public policy

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 13, 26.
[2] 73 Am Jur 2d, Summary Judgment §§ 20, 21.
[3] 17 Am Jur 2d, Contracts §§ 5, 12.

or because the insurance policy represented an adhesion contract are rejected.

3. The Court of Appeals declines plaintiff's invitation to extend the doctrine of implied warranty and Uniform Commercial Code provisions relative to implied warranties to title insurance contracts.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

Summary judgment may be granted where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law; in ruling on a motion for summary judgment on the ground that there is no genuine issue as to any material fact, a court is to consider the pleadings, affidavits, depositions, and any other documents submitted to it, and the motion should be granted only if the court is satisfied that there is some deficiency in the opponent's claim that cannot be overcome (GCR 1963, 117.2[3], 117.3).

2. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT.

A party opposing a motion for summary judgment on the ground that there is no genuine issue of material fact is to be given the benefit of any reasonable doubt as to whether any genuine issue of fact exists; however, that party also has an obligation to make a showing that a genuine issue of fact does exist (GCR 1963, 117.2[3]).

3. CONTRACTS — ADHESION CONTRACTS — SUBSTANTIVELY REASONABLE TERMS.

The terms of a contract which is adhesive in the sense that one party lacks bargaining power are still enforceable if they are substantively reasonable.

*Berschback, Kerwin, Locicero, Chilingirian & Brennan* (by *Jack C. Chilingirian*), for plaintiff.

*Bebout, Potere, Cox & Hughes, P.C.* (by *Arthur R. Cox*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

MACKENZIE, J. Plaintiff appeals as of right from an order entered by the circuit court granting summary judgment for defendant Lawyers Title Insurance Corporation. In 1967, plaintiff entered into a land contract with defendant Theodore M. David, not a party on appeal, for the purchase of certain property in Novi Township. Pursuant to the land contract, David obtained title insurance for the property with plaintiff as the beneficiary. The deed for the property was conveyed to plaintiff in 1977. The title insurance policy in Schedule A described the insured property, in accordance with the description in plaintiff's deed, as follows:

"Lots 92 to 98 inclusive, Howell's Walled Lake Subdivision, a part of West 1/2 of Northwest 1/4 of Section 11, Town 1 North, Range 8 East, Novi Township, Oakland County, Michigan, according to the plat thereof as recorded in Liber 42, Page 36 of Plats, Oakland County Records."

Schedule B of the insurance policy provided in pertinent part as follows:

"This Policy does not insure against loss or damage by reason of the following:

* * *

"2. Unrecorded water, mineral and oil rights, unrecorded easements and claims of easement, boundary line disputes not disclosed of record and *any matters which would be disclosed by an accurate survey* and inspection of the premises." (Emphasis added.)

The property purchased by plaintiff included a single building. In 1981, plaintiff became aware of a survey prepared that same year by some municipal engineers revealing that part of the building on plaintiff's property extended beyond the bound-

ary line of plaintiff's property, encroaching upon the Novi Road right-of-way. Plaintiff then brought suit against defendant, among others, seeking a declaratory judgment that defendant was liable for damages in connection with the encroaching building.

Defendant's motion for summary judgment did not specify what subsection of GCR 1963, 117.2 the motion was brought under. Attached to the motion was an affidavit, as well as a copy of the 1981 survey and a copy of the title insurance policy, both of which had also been attached to the complaint filed by plaintiff. Plaintiff in his answer to defendant's motion for summary judgment attached an affidavit and an earlier survey which had been given to him by his seller at the time of sale of the property; this earlier survey, while indicating the location of iron stakes and monuments, did not include or sketch out the location of the building. The order of summary judgment entered by the circuit court states that it was granted under GCR 1963, 117.2(1). However, it is clear from the parties' submission and the court's consideration of documents other than the pleadings that the basis for summary judgment was subrule 117.2(3) since under subrule 117.2(1) only the pleadings are to be considered, and hence we will treat the motion as having been granted based on subrule 117.2(3). *Todd v Biglow,* 51 Mich App 346, 349-350; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974).

GCR 1963, 117.2(3) provides that summary judgment may be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. A court is to consider the pleadings, affidavits, depositions, and any other documents submitted to it. GCR 1963, 117.3. The motion should be granted only if the

court is satisfied that there is some deficiency in the opponent's claim that cannot be overcome, and the opposing party is to be given the benefit of any reasonable doubt as to whether any genuine issue of fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). However, the party opposing the motion does have an obligation to make a showing that a genuine issue of fact does exist. *Rizzo, supra,* pp 371-372.

We find that summary judgment for defendant was properly granted since there was no genuine issue that the insurance policy exclusion for "any matters which would be disclosed by an accurate survey" applied in the present case so as to exempt defendant from any liability to plaintiff in connection with the encroaching building. Neither below nor on appeal has plaintiff challenged the accuracy of the 1981 survey showing part of the building to be beyond the boundary line of plaintiff's property and encroaching upon the adjoining right-of-way. The earlier survey submitted by plaintiff in his answer to the motion did not serve to dispute the accuracy of the 1981 survey or to create a genuine issue since it did not at all reflect the location of the building, and plaintiff makes no claim that according to the placement of the stakes and monuments in the earlier survey the encroachment of the building on the adjoining right-of-way would not be disclosed. Unlike *Waterview Associates, Inc v Lawyers Title Ins Corp,* 30 Mich App 687; 186 NW2d 803 (1971), *lv den* 384 Mich 835 (1971), where there was a genuine issue as to what an accurate survey would have disclosed, here there was no dispute that the 1981 survey was accurate and in accordance with the description of the insured property in the insurance policy, and the 1981 survey provided a proper

basis for granting defendant summary judgment since it established that an accurate survey of plaintiff's property disclosed the encroachment of the building.

The remaining issue is plaintiff's contention that even if there is no genuine issue that the "accurate survey" exception applies in the present case, still defendant is not entitled to judgment as a matter of law because that exception in the insurance policy should be deemed unenforceable. We cannot agree. Plaintiff does not claim that the policy coverage was misrepresented to him, and the exclusion for "any matters which would be disclosed by an accurate survey" was clearly expressed in the policy and was not inconspicuous. Defendant met its duty to clearly express limitations on coverage in the policy. *Kast v Citizens Mutual Ins Co,* 125 Mich App 309, 311; 336 NW2d 18 (1983). We reject plaintiff's contention that the exclusion should be deemed void as against public policy; we perceive no unconscionability in permitting, or public policy basis for prohibiting, title insurers from excluding from coverage, if clearly expressed, matters which would be revealed by an accurate survey. Such an exclusion is not so broad that it renders the insurance policy a meaningless sham, but rather merely places on the insured the burden of obtaining an accurate survey of the property the insured is purchasing and the responsibility for any defects which that survey discloses.

We likewise reject plaintiff's contention that the "accurate survey" exception should be deemed unenforceable because the title insurance policy represented an adhesion contract. Title insurance policies without exceptions are also available, although at a higher premium. Thus, plaintiff was not without a choice and could have bargained

with his seller for the provision of a title insurance policy without exceptions. Furthermore, even if this insurance policy represented an adhesion contract over which plaintiff had no power to bargain, we must reject plaintiff's claim that he had a "reasonable expectation" of coverage, *Zurich Ins Co v Rombough,* 384 Mich 228, 233; 180 NW2d 775 (1970), in view of the unambiguous and clearly set forth "accurate survey" exclusion in the policy and the absence of any misrepresentation of the policy to him. Also, even where a contract is adhesive in the sense that one party lacks bargaining power, still the contract terms are enforceable if they are substantively reasonable, *Allen v Michigan Bell Telephone Co,* 18 Mich App 632, 637-638; 171 NW2d 689 (1969), *lv den* 383 Mich 804 (1970), and we find the "accurate survey" exclusion substantively reasonable. Finally, we decline plaintiff's invitation to extend the doctrine of implied warranty and Uniform Commercial Code provisions relative to implied warranties to title insurance contracts.

Affirmed. Costs to defendant-appellee.